IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER, ) | 1: 11-CV-1584 AWI SKO |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | TEMPORARY RESTRAINING |
| v. ) | ORDER |
| ) | |
| CAL-WESTERN RECONVEYANCE ) | [Document #2] |
| CORP., CITIMORTGAGE, INC, and ) | |
| MORTGAGE ELECTRONIC ) | |
|  REGISTRATION SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

    Plaintiff has filed an *ex parte* motion for a temporary restraining order.   Plaintiff seeks a restraining order and order enjoining Defendant Cal-Western Reconveyance Corp. from selling Plaintiff's home located at 466 West Tenaya Avenue, Clovis, CA 93612.   Plaintiff also requests the court issue an order to show cause directed at Defendants requiring them to show cause why a preliminary injunction should not be granted.

    The court, having reviewed Plaintiff's motion , the complaint, and supporting documents, does not find good cause to issue a temporary restraining order.   Plaintiff contends that Defendant Cal-Western Reconveyance Corp. has no legal authority to sell Plaintiff's property. Plaintiff contends that Plaintiff and his wife deeded the Property to Glenn W. Bever and Karen L. Bever as Trustees of the Bever Family Trust.    Plaintiff contends that the 2003 Deed of Trust on

the property does not allow for a substation of the trustee, and as such, the substation of trustee filed in 2011 is not valid.

A party seeking a preliminary injunction must demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Indep. Liv. Cntr. of Southern Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376) (internal quotation marks omitted)).

In this action, Plaintiff has not met his burden to show that he is likely to succeed on this action's merits.  While Plaintiff contends that attached to his declaration are the original deed of trust and the allegedly invalid substation of trustee, no documents are attached to Plaintiff's declaration.   The court has reviewed the docket in this action and finds that these documents are not provided in some other form.   Thus, Plaintiff has failed to meet his burden to obtain a temporary restraining order at this time.

Accordingly, the court ORDERS that Plaintiff's motion for a temporary restraining order is DENIED without prejudice.

 IT IS SO ORDERED.

Dated:     September 23, 2011                         _____
                                                      CHIEF UNITED STATES DISTRICT JUDGE

2