1  PETER J. SALMON (SBN 174386)
   CHRISTOPHER L. PETERSON (SBN 215069)
2  PITE DUNCAN, LLP
   4375 JUTLAND DRIVE, SUITE 200
3  P.O. BOX 17935
   SAN DIEGO, CA 92177-0935
4  TELEPHONE: (858) 750-7600
   FACSIMILE: (619) 590-1385
5  E-Mail: cpeterson@piteduncan.com

6  Attorneys for Defendant CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC.
7

8                         UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

10 | Glenn W. Bever,                          | Case No. 1:11-CV-01584-AWI-SKO
11 |         Plaintiff,                       | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**
12 |    v.                                    |
13 | CAL-WESTERN RECONVEYANCE CORP.;          |
   | CITIMORTGAGE, INC.; MORTGAGE             |
14 | ELECTRONIC REGISTRATION SYSTEMS,         |
   | INC.;,                                   |
15 |                                          | Date:       November 14, 2011
   |         Defendants.                      | Time:       1:30 p.m.
16 |                                          | Courtroom:  2, 8th Floor
17 |                                          | Complaint Filed:  September 20, 2011
   |                                          | Trial Date:
18

19         Defendants Citimortgage, Inc. ("Citi") and Mortgage Electronic Registration Systems, Inc.

20 ("MERS") hereby submit the following memorandum of points and authorities in support of their

21 Motion to Dismiss:

22 /././
23 /././
24 /././
25 /././
26 /././
27 /././
28 /././

---

MEMORANDUM OF POINTS AND AUTHORITIES                                              2576936.wpd

# I

# INTRODUCTION

Plaintiff here is a borrower on a $211,850.00 residential home loan for which he is unable to make the scheduled payments. Plaintiff challenges the validity of the foreclosure sale occasioned by Plaintiff's failure to make the payments required under his loan, despite the fact that he cannot tender the amounts owed on the loan. Even accepting as true the non-conclusory allegations in the Complaint, Plaintiff has failed to state a cause of action against Citi or MERS under Federal or California law.

Plaintiff asserts the following causes of action: (1) Quiet Title; (2) Violation of FDCPA (directed only towards Cal Western); (3) Violation of RESPA; (4) Unjust Enrichment; and (5) Fraud and Injurious Falsehood. The Complaint is devoid of any allegations of material fact as to Citi or MERS to support the asserted *or* implicit claims of a defective foreclosure process. Instead, the Complaint merely sets forth unsupported legal and factual conclusions, regarding the standing and ability of Citi to foreclose and enforce its beneficial interest under the subject Deed of Trust.

While this motion addresses the defects set forth in the complaint, it is imperative to note at the outset that Plaintiff's arguments are further undercut by their inability to satisfy California's "Tender Rule." Plaintiff fails to properly allege a full and unequivocal ability and willingness to tender the amounts owed on the loan. The failure to meet this threshold hurdle in seeking to prevent a sale, renders the complaint and each cause of action therein defective. "The rationale behind this rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiff." (FPCI RE-HAB 01 v. E & G Inv. Ltd. (1989) 207 Cal.App.3d 1018, 1022.) Here, Plaintiff fails to demonstrate his willingness and/or ability to meet the Tender Rule and pay the outstanding amount owed in order to justify setting aside the foreclosure sale.

# II

# LOAN HISTORY AND SUMMARY OF PLAIN

Plaintiff refinanced his property and obtained the loan that is currently in default. ("Deed of Trust"). The Deed of Trust designated Mortgage Electronic Registration Systems, Inc. as

Nominee for First Pacific Financial, Inc. and as the beneficiary under the Deed of Trust. (RJN, "A"). A Notice of Default was recorded showing Plaintiffs in default in the amount of $6,862.60 as of June 3, 2011. (RJN, "B"). The beneficial interest in the Deed of Trust was assigned to Citi by MERS on May 17, 2011 by way of an Assignment of Deed of Trust recorded on May 27, 2011. (RJN, "C"). Plaintiff failed to cure the default on the loan and a Notice of Trustee's Sale was recorded on September 6, 2011. (RJN, "D"). In an effort to set aside the sale, Plaintiff has filed the instant complaint.

## III.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a court to dismiss the Complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must be pled showing plaintiff's entitlement to relief. This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-66 (2007). The complaint must contain sufficient factual matter to state a claim that is plausible on its face; this occurs when the factual allegations, if true, enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. At 556, 570; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

When faced with a motion to dismiss, the court assumes well-pled factual allegations of the complaint as true, and draws reasonable inferences in plaintiff's favor. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509 (2007). However, the court is not required to accept as true allegations that are merely conclusory, "unwarranted deduction of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Courts will not assume the truth of legal conclusions merely because they are cast in the form of factual allegations and will not assume that plaintiff can prove facts which he has not alleged or that the defendants have violated laws in the ways not alleged. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008).

1   If the motion to dismiss is granted, a court may allow leave to amend when there is no undue
2   delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party,
3   or the amendment would be futile. Fed. R. Civ. P. 15(a). However, leave to amend is denied when
4   it is clear that an amendment will not cure the deficiencies of the complaint. *See* DeSoto v. Yellow
5   Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## IV

## EACH CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO ALLEGE A WILLINGNESS AND ABILITY TO TENDER THE AMOUNTS OWED

9    Plaintiff (along with his wife who is also on the Deed of Trust) defaulted on his loan and
10  remains in default throughout the foreclosure process. Plaintiff now seeks to prevent the foreclosure
11  sale. However, Plaintiff has failed to comply with the Tender Rule. In short, Plaintiff is asking this
12  Court to prevent a sale despite the fact that it would be a futile effort given the inability to cure the
13  outstanding default. This renders the alleged "defects" in the foreclosure process completely
14  irrelevant and moot. Borrowers who have defaulted on their payments must first tender the full
15  amount owed on their loan before they can request the Court to exercise its equitable powers to
16  provide redress from a foreclosure. Arnolds Mgmt. Corp. v. Eischen,158 Cal.App.3d 575, 577
17  (1984). **California courts apply the tender rule to any cause of action that is based upon, or**
18  **necessarily implies allegations of wrongful foreclosure.** Abdallah v. United Sav. Bank, 43
19  Cal.App.4th 1101, 1109 (1996) (in affirming sustaining of demurrer without leave to amend court
20  explained that the tender rule applies to "any cause of action for irregularity in the sale procedure");
21  U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal.App.3d 1214, 1225 (1985) (affirming
22  judgment of nonsuit); Arnolds Mgmt. Corp., *supra* at 579 (affirming sustaining of demurrer without
23  leave to amend on claims of wrongful foreclosure, fraud, and negligence). **The tender rule is**
24  **strictly applied and tender of the full amount owed must be alleged in order to state facts**
25  **constituting a cause of action.** Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003); Karlsen v.
26  Am. Sav. & Loan Ass'n, 15 Cal.App.3d 112 (1971); Abdallah, *supra* at 1109. Even a challenge on
27  technical grounds, absent a tender of the full amount of the loan is futile and should be denied. *See*
28  U.S. Cold Storage, *supra* at 1225. The Court in FPCI RE-HAB 01 v. E & G Inv. Ltd., 207

-3-

Cal.App.3d 1018, 1022 (1989) explained the basis for the tender rule as follows:

> The rationale behind this rule is that if plaintiff could not have redeemed the property [i.e., paid the full loan amount] had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiff. Moreover, tender must be unambiguous, as the court stated in Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003): "[i]t is a borrower's responsibility to make an unambiguous tender of the amount due or else suffer the consequences that the tender is of no effect."

The tender rule also applies prior to a foreclosure sale. *See* Hollins v. Recontrust, N.A., 2011 WL 1743291, *4 (2011 C.D.Cal): "In opposing Defendants' motion, Plaintiffs protest that they were not required to comply with the tender rule because the trustee sale has not yet occurred in this case. This argument, however, suffers from two fatal flaws. First, it finds no support in the caselaw. To the contrary, courts have consistently held that plaintiffs bringing claims for wrongful foreclosure must offer to tender the full amount owed to sustain a cause of action regarding **any aspect of the foreclosure sale procedure**." (Emphasis in bold added.))

Here, Plaintiff has failed to demonstrate his willingness and/or ability to meet the tender rule. Accordingly, his entire complaint and each and every cause of action is fatally defective.

V

**MERS HAD PROPER STANDING TO ASSIGN THE DEED OF TRUST TO CITI**

Plaintiff is arguing MERS did not have standing and authority to assign the Deed of Trust to Citi. This argument lacks merit. "'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.'" Ferguson v. Avelo, 95 Cal.App.4th 1618, 1625 (2011). In addition to being able to sell its interests, MERS has

specific authority to "[a]ssign its beneficial interest." Id. at 1626. For example, in this case MERS assigned its interest in the Deed of Trust to Citi.

This relationship, and corresponding authority, is memorialized in the original Deed of Trust to which the borrower is a party. It is requested that the Court take judicial notice of The Deed of Trust (RJN, "A"). Page 3 of 15 of the Deed of Trust explicitly states that "[M]ERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender... " As such, MERS had proper standing to effectuate the Assignment of Deed of Trust to Citi.

The Ninth Circuit, utilizing *California* law, confirmed this point of law. As stated in Benham v. Aurora Loan Services (2009) WL 2880232, *4, "[M]ERS held legal title to the interests granted by Plaintiff in the Deed of Trust, **and had the right to foreclose and sell the property if Plaintiff defaulted on her loan.**" "The covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement," Id., citing Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342, 374 (1992), (Emphasis in bold added.)

The California Court of Appeal provided further clarification in the recent decision of Gomes v. Countrywide Homes Loans, Inc., 192 Cal.App.4th 1149 (2011). The Court in Gomes addressed the lack of ability to attack the standing issue and recognized the Federal decisions which interpreted MERS to have standing when the borrower consents to MERS' participation. Id. at 826-827. In this case, the Deed of Trust has the same type of language whereby the Plaintiff consented to the role of MERS. Given Plaintiff's consent in allowing MERS to participate as nominee, they cannot now argue against the authority and standing of MERS to execute the Assignment of Deed of Trust which it properly did in this instance. Plaintiff vaguely alleges a transfer of the loan into a REMIC trust (Complaint, ¶30.) This allegation fails to set forth a claim of wrongdoing. *See* Pedersen v. Greenpoint Mortgate Funding, Inc., Slip Copy, 2011 WL 3818560, *14 (E.D.Cal.,2011). Accordingly, any claims based on these red-herring arguments are subject to dismissal.

/././

# VI

## THE FIRST CAUSE OF ACTION FOR QUIET TITLE LACKS MERIT

To state a claim for quiet title, a complaint must (1) be verified; (2) describe the property that is subject to the action; (3) state the title of the plaintiff as to which a determination is sought; (4) state the adverse claims against which a determination is sought; (5) state the date as of which the determination is sought; and (6) contain a prayer for the determination of the title of the plaintiff against the adverse claims. *See* CCP § 761.020; *see also* Lewis v. Superior Crt., 30 Cal.App.4th 1850,1866 (1994). Additionally, in the context of a secured interest in real property, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637,649 (1934).

In this case, Plaintiff's cause of action for quiet title must fail for at least two reasons. Plaintiff has not tendered, or made a viable offer to tender the amount owed on his Loan. Second, Plaintiff fails to properly allege facts to justify the quieting of title in the manner he seeks as it is based on the lack of standing due to the participation of MERS as set forth above. Plaintiff vaguely also alleges: "Defendants' are not owners or holders of any Note encumbering the Homestead." This claim lacks merit as well. Neither Citi or any other Defendant is required to possess or produce the original note to proceed with nonjudicial foreclosure. The recent Ferguson decision issued by the California Court of Appeal on June 20, 2011 is squarely on point with the issue presented in this matter. In Ferguson, the Court upheld the beneficiary's "[a]uthority to initiate foreclosure proceedings and invoke the tender rule against a defaulting borrower, even when the beneficiary is not the holder of the original promissory note." Ferguson, supra 195 Cal.App.4th at 1627. "'California law 'does not require possession of the note as a precondition to [nonjudicial] foreclosure under a Deed of Trust.'" Id. "Moreover, in cases involving an assignment of a deed of trust from MERS to a third party, courts have invoked the tender rule despite arguments that MERS did not have the authority to assign its interest under the deed of trust without the promissory note." Id.

Prior to the Ferguson decision, Plaintiff's holder in due course/presentment argument had been routinely rejected by the Ninth Circuit interpreting California law. "Under California law, there

1 is no requirement for the production of an original promissory note prior to initiation of a nonjudicial
2 foreclosure." <u>Pantoja v. Countrywide</u> (E.D. Cal. 2009) 640 F.Supp.2d 1177, 1186, citing Civil Code
3 §2924; <u>Putkkuri v. ReconTrust Co.</u> 2009 WL 32567, at *2 (S.D.Cal. Jan. 5, 2009); <u>Candelo v. Ndex
4 West, LLC</u>, 2008 WL 5382259, at *4 (E.D.Cal. Dec. 23, 2008).) "Therefore, the absence of an
5 original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid." <u>Pantoja</u>,
6 <u>supra</u>., citing <u>Neal v. Juarez</u>, 2007 WL 2140640, at *8 (S.D.Cal. July 23, 2007).

7      Indeed, Civil Code § 2924 et. seq. provides a comprehensive statutory framework regarding
8 the conduct of the sale, that is intended to be exhaustive, <u>Residential Capital v. Cal-Western
9 Reconveyance Corp.</u>, 108 Cal.App.4th 807, 821 (2003), and there is no requirement that a
10 foreclosure trustee or the foreclosing beneficiary demonstrate possession of the original promissory
11 note. *See* <u>Candelo, supra</u>; <u>Putkkuri, supra</u>, ("Production of the original note is not required to
12 proceed with a non-judicial foreclosure sale"); <u>Farner v. Countrywide</u>, 2009 WL 189025, 2 (S.D.
13 Cal. 2009) ("there does not appear to be any requirement under California law that the original note
14 be produced in order to render the foreclosure proceedings valid").

15      Because California's comprehensive and exhaustive nonjudicial foreclosure statutes occupy
16 the entire field and there is no contrary controlling authority indicating that an entity must produce
17 the original note prior to foreclosure, any argument based on a legal theory requiring proof of
18 possession of the original note lacks merit. Accordingly, the cause of action is subject to dismissal,
19 without leave to amend.

## VII

### THE THIRD CAUSE OF ACTION FOR RESPA (12 U.S.C. §2605 et seq.)

22      Plaintiff alleges that Citi failed to adequately respond to a Qualified Written Request.
23 The claims is defective in several respects. The letter seeks information as to the ownership of the
24 loan. The letter does not address any servicing issues which is a requirement to state a cause of
25 action under this particular statute. Further, assuming the letter did constitute a Qualified Written
26 Request, the pleadings fail to adequately plead that Citi did not timely respond to the letter.

27      "RESPA requires mortgage loan servicers who receive a 'qualified written request' ('QWR')
28 for action or information from a borrower to respond and, if necessary, to act within statutorily-

mandated periods of time...RESPA defines a QWR as follows:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

Jones v. ABN Amro Mortgage Group, Inc., 551 F.Supp.2d 400, 411 (E.D.Pa. 2008). Plaintiff must allege that the correspondence met the requirements of a QWR. Id.

A similar situation arose in Morequity, Inc. v. Naeem, 118 F.Supp.2d 885, 901. "None of the irregularities alleged in the counterclaim, however, relate in any way to the "servicing" of the loan, as that term is defined in the statute. The counterclaim alleges a forged deed, and irregularities with respect to the recording of the two loans, but makes no claim with respect to improper servicing. There are no claims, for example, that MorEquity did not give the Naeems credit for any periodic payments made, which is how the statute defines servicing. According to the allegations of the counterclaim, the letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the Naeem account balance. Therefore, the request did not relate to "servicing" of the loan, and Count V fails to state a claim under § 2605. Accordingly, the motion to dismiss Count V is granted." (Id.)

The same argument is applicable in this instance. Per Plaintiff's complaint and the letter attached to the Complaint, the claim fails to set forth a claim under RESPA. The alleged QWR fails to address any servicing issues. While Plaintiff may deem this to be a QWR, it is not. A QWR is for seeking information relating to the servicing of the loan, not to challenge the ownership interest of a loan. Plaintiff has failed to adequately plead the sending of a valid QWR. Further, to the extent that the document did constitute a valid QWR, the cause of action still fails to set forth facts to adequately support a claim. Pursuant to 12 U.S.C. §2605(e)(1)(A), a servicer has until 20 days to acknowledge receipt of the correspondence and 60 days to address the merits of the QWR. In this instance, Plaintiff alleges that "Defendant mailed back a form letter, but nothing else. Defendant

failed to respond adequately within 10 business days...." First, Plaintiff fails to address why the response was inadequate. Second, no violation exists for failing to adequately respond within *10* days. Accordingly, the cause of action lacks merit and is subject to dismissal.

## VIII

## THE FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT LACKS MERIT

A claim for unjust enrichment requires the "receipt of a benefit and the unjust retention of the benefit at the expense of another." Lectrodryer v. Seoulbank, 77 Cal.App.4th 723, 726, 91 Cal.Rptr.2d 881 (2000); see also McBride v. Boughton, 123 Cal.App.4th 379, 387, 20 Cal.Rptr.3d 115 (2004). Ordinarily, a plaintiff must show that the benefit was conferred on the defendant through mistake, fraud, or coercion. (Nebbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n, 205 Cal.App.3d 1415, 1422, 253 Cal.Rptr. 289 (1988).)

Here, the cause of action fails to specify how Citi has unfairly received a benefit from Plaintiff. Rather, the claim refers to benefits Plaintiff believes Citi received from other lenders or the United States government. Accordingly, this claim is subject to dismissal, without leave to amend.

## IX

## THE FIFTH CAUSE OF ACTION FOR FRAUD AND INJURIOUS FALSEHOOD LACKS MERIT

This claim is directed towards MERS. Plaintiff has failed to properly allege fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b). Further, there are no allegations as to the names of the persons who spoke for MERS (or Citi) or their authority to speak, to whom they spoke and what was said or written by Defendant as required in California under Lazar v. Sup.Ct. (Rykoff-Sexton, Inc.), 12 Cal.4th 631, 645 (1996).

"The elements of fraud that will give rise to a tort action for deceit are ... (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting

1 | damage ..." Engalla v. Permanente Medical Group, Inc., 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843
2 | (1997).

3 | In this case, Plaintiff has failed to plead facts establishing how MERS committed any misrepresentations. First, no individual is named. That renders the claim moot. However, on a substantive level, the claim cannot be amended to set forth a cause of action. The claim is based on concealing who the true lender is. The claim is unsupported by any fact. Further, as set forth above, MERS had proper standing by Plaintiff's very own consent to the participation of MERS in the subject transaction. MERS had proper authority and standing to eventually transfer the interest in the Deed of Trust to Citi. Plaintiff wholly fails to allege facts that show how MERS committed any type of fraud.

## X
## CONCLUSION

For the above-stated reasons, Defendants CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. respectfully request that their Motion to Dismiss be granted in its entirety, without leave to amend.

Dated: October 12, 2011            PITE DUNCAN, LLP


                                   *s/Christopher L. Peterson*
                                   CHRISTOPHER L. PETERSON
                                   Attorneys for Defendant CITIMORTGAGE, INC. and
                                   MORTGAGE ELECTRONIC REGISTRATION
                                   SYSTEMS, INC.