**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN W. BEVER,            )<br>                                              )<br>           Plaintiff,             )<br>     v.                                      )<br>                                              )<br>CAL-WESTERN RECONVEYANCE )<br>CORP.; CITIMORTGAGE, INC.;  )<br>MORTGAGE ELECTRONIC     )<br>REGISTRATION SYSTEMS, INC. )<br>                                              )<br>           Defendants.          )<br>_____) | 1:11-CV- 1584 AWI SKO<br><br>ORDER GRANTING<br>PLAINTIFF'S RENEWED<br>MOTION FOR A<br>TEMPORARY RESTRAINING<br>ORDER<br><br>(Doc. #16) |

## BACKGROUND

On September 20, 2011, Plaintiff filed an ex parte motion for a temporary restraining order.   Plaintiff sought an order restraining and enjoining Defendant Cal-Western Reconveyance Corp. from selling Plaintiff's home located at 466 West Tenaya Avenue, Clovis, CA  93612 ("the Property).  The court reviewed Plaintiff's motion, the complaint, and supporting documents.  The court did not find good cause to issue a temporary restraining order.  While Plaintiff contended that Defendant Cal-Western Reconveyance Corporation (Defendant Cal-Western) had no legal authority to sell Plaintiff's property, no documents were attached to the complaint or motion for a temporary restraining order.  Thus, on September 23, 2011, the court denied Plaintiff's motion for a temporary restraining order without prejudice.[1]

---

[1] On October 12, 2011, Defendants filed a motion to dismiss.   The motion to dismiss is set before the court for oral argument on November 14, 2011.

1  On or about September 6, 2011, Defendant Cal-Western appears to have mailed Plaintiff a Notice of Trustee Sale, which had been filed in the Fresno County Recorder's Office. The Trustee Sale was noticed for September 27, 2011, but subsequently rescheduled for October 27, 2011.

On October 19, 2011, Plaintiff filed a Renewed Motion for a Temporary Restraining order. Among other allegations, Plaintiff provides evidence that Defendants did not comply with California Civil Code § 2923.5. The Renewed Motion for a Temporary Restraining order contends that Defendant Cal-Western, without having been properly substituted in as trustee under the deed of trust, commenced foreclosure proceedings by recording a Notice of Default in the Fresno County Recorder's office. The Notice of Default indicates that, pursuant to California Civil Code § 2923.5(b), the provisions of California Civil Code § 2923.5 have been complied with. Plaintiff provides a declaration, signed under penalty of perjury, that he never received the Notice of Default nor was there any attempt to contact him as required by California Civil Code § 2923.5

**LEGAL STANDARD**

Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if: (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997

F.Supp. 1309, 1313 (E.D. Cal. 1996); <u>Lockheed Missile & Space Co. v. Hughes Aircraft Co.</u>, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); <u>see also</u> <u>Welker v. Cicerone</u>, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001). A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008); <u>Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust</u>, 636 F.3d 1150, 1160 (9th Cir. 2011). "Injunctive relief . . . must be tailored to remedy the specific harm alleged." <u>Park Vill.</u>, 636 F.3d at 1160.

### DISCUSSION

A temporary restraining order is warranted. First, disregarding Plaintiff's other claims, Plaintiff has shown a likelihood of success on his claims under California Civil Code § 2923.5. As part of the Renewed Motion for a Temporary Restraining order, Plaintiff submits a declaration that no Defendant contacted him before the Notice of Default was filed and no Defendant ever contacted him for the purpose of exploring options to avoid foreclosure. In addition, Plaintiff states under penalty of perjury that he was never served with the Notice of Default. Civil Code § 2923.5 requires that, 30 days before a notice of default is filed, the mortgagee, beneficiary, or authorized agent "shall contact the buyer in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code. § 2923.5(a);

As part of the Renewed Motion for a Temporary Restraining order, Plaintiff submits a declaration that no Defendant contacted him before the Notice of Default was filed and no Defendant contacted him for the purpose of exploring options to avoid foreclosure. <u>See</u> Cal. Civ. Code. § 2923.5; <u>Argueta v. J.P. Morgan Chase</u>, 787 F.Supp.2d 1099, 1107,(E.D.Cal. 2011); <u>Paik v. Wells Fargo Bank, N.A.</u>, 2011 WL 109482, at *3 (N.D.Cal. Jan. 13, 2011); <u>Mabry v. Superior Ct.</u>, 185 Cal.App.4th 208, 220 & n.6 (2010). The remedy for a violation of § 2923.5 is postponement of the foreclosure sale until there has been compliance with the statute. <u>Argueta</u>, 787 F.Supp. At 1107. Plaintiff's declaration states, under penalty of perjury, that § 2923.5 was

3

not followed.  While accompanying Defendants' motion to dismiss are documents claiming § 2923.5 was followed, the allegations in the complaint create a disputed issue of fact at this stage of the litigation on whether and how Plaintiff was contacted.  Accordingly, the court concludes that Plaintiff has established serious questions going to the merits on his § 2923.5 claim.  See also Tamburri v. Suntrust Mortg., Inc., 2011 WL 2654093, at * 4 (N.D.Cal. July 6, 2011).

In addition, without a Temporary Restraining Order, Plaintiff would suffer irreparable harm.  As stated above, the remedy for a violation of § 2923.5 is postponement of the foreclosure sale.  However, once a foreclosure sale occurs, there is no relief available under § 2923.5.  See Mehta v. Wells Fargo Bank, N.A., 737 F.Supp.2d 1185, 1194 (S.D. Cal. 2010).  Further, since a violation of § 2923.5 does not place a cloud on the title, see Mabry, 189 Cal.App.4th at 223, the possible loss of Plaintiff's right to the Property would not be reparable.   The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm.  Tamburri, 2011 WL 2654093, at *2 (N.D. Cal. July 6, 2011); Washington v. National City Mortg. Co., 2010 WL 5211506, at 15 (N.D.Cal. Dec. 16, 2010).  Thus, Plaintiff has sufficiently demonstrated irreparable harm.

With respect to the balancing of the equities and the public interest, the Defendants' interests are secured by the Deed of Trust.  Further, the court will require further briefing and allow Defendants to provides further evidence before any preliminary injunction is granted in this action.  Finally, since the trustee sale is set to occur on October 27, 2011, the court does not believe that further notice, beyond Plaintiff's certificate of service on Defendants of the renewed motion for a temporary restraining order, is practicable.

## CONCLUSION AND ORDER

Plaintiff moves for a temporary restraining order that would restrain Defendants from conducting a trustee sale on the Property.  After considering the renewed motion, Plaintiff has sufficiently established a likelihood of success, irreparable injury, and that the balance of hardships and public interest weigh in his favor.  As such, the court will grant Plaintiff's request for a temporary restraining order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion for a temporary restraining order is GRANTED;
2. Defendants are RESTRAINED from proceeding with the Trustee Sale, currently set for October 27, 2011, until further order of the court;
3. Defendants shall appear on November 14, 2011, 2011, at 1:30 p.m. in Courtroom Two and SHOW CAUSE why a Preliminary Injunction should not be granted that restrains and enjoins Defendants from proceeding with the Trustee Sale;
4. Defendants shall file an opposition to Plaintiff's request for preliminary injunction on or by 3:00 p.m. on November 1, 2011; and
5. Plaintiff shall file any reply on or by 3:00 p.m. on November 7, 2011.

IT IS SO ORDERED.

Dated:   October 26, 2011

CHIEF UNITED STATES DISTRICT JUDGE