# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER,<br><br>        Plaintiff,<br><br>    v.<br><br>CAL-WESTERN RECONVEYANCE CORP., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-01584-AWI-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>(Docket No. 27)<br><br>**ORDER PERMITTING DEFENDANT CAL-WESTERN RECONVEYANCE CORP. TO FILE A RESPONSIVE PLEADING** |

On February 6, 2012, Plaintiff Glenn W. Bever ("Plaintiff") filed a Request for Entry of Default as to Defendant Cal-Western Reconveyance Corp. ("Cal-Western"). For the reasons set forth below, Plaintiff's request is DENIED WITHOUT PREJUDICE. Further, Cal-Western may file a responsive pleading within twenty-one (21) days of the issuance of this order.

## I. BACKGROUND

On September 20, 2011, Plaintiff, proceeding *pro se*, filed a verified complaint against Defendants Cal-Western, CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc. ("MERS" or, collectively, "Defendants") for quiet title, violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, and fraud. (Doc. 1.) Plaintiff also filed a Motion for Temporary Restraining Order, which was denied by the Court on September 23, 2011. (Docs. 2, 10.)

Defendants were served with the summons and complaint on September 23, 2012. (Doc. 12.) On October 12, 2011, CitiMortgage and MERS filed a Motion to Dismiss. (Doc. 13.) On October 14, 2011, Cal-Western filed a Declaration of Non-Monetary Status pursuant to California Civil Code Section 2324*l*. (Doc. 14.)

On October 19, 2011, Plaintiff filed a Renewed Motion for Temporary Restraining Order, which was granted by the Court on October 26, 2011. (Docs. 16, 19.) The Court set a hearing date of November 14, 2011, to show cause as to why a Preliminary Injunction should not be granted. (Doc. 19, 5:5-7.) On November 9, 2011, the Court noted that no parties had filed oppositions to the Motion to Dismiss or the Preliminary Injunction and thus vacated the hearing and took the matters under submission. (Doc. 22.) On December 9, 2011, Plaintiff filed a Motion to File Out of Time Response to Defendants' Motion to Dismiss. (Doc. 23.) These matters are currently pending before Chief District Judge Anthony W. Ishii. (Doc. 22.)

On February 6, 2012, Plaintiff filed the instant Request for Clerk's Entry of Default against Cal-Western. (Doc. 27.) On February 8, 2012, Cal-Western filed an Objection to Plaintiff's Request for Clerk's Entry of Default, asserting that it had filed a Declaration of Non-Monetary Status pursuant to California Civil Code Section 2324*l* (Doc. 14) and thus was no longer required to participate further in the action.

## II. DISCUSSION

Plaintiff requests that default be entered against Cal-Western pursuant to Federal Rule of Civil Procedure 55(a), contending that Cal-Western has been served in this action but failed to timely respond. Cal-Western objects to Plaintiff's request, contending that it timely responded to Plaintiff's complaint by filing a Declaration of Non-Monetary Status and, since Plaintiff failed to timely object, Cal-Western is no longer required to participate further in the action. *See* Cal. Civ. Code § 2924*l*.

California Civil Code Section 2924*l* provides that if "a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee," then the trustee "may file a declaration of nonmonetary status." Cal. Civ. Code § 2924*l*(a). If timely objections are not raised, then "the trustee shall not be required to participate

2

any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding." *Id*. § 2624*l*(d).

Here, Cal-Western filed a Declaration of Non-Monetary Status on October 14, 2011. (Doc. 14.)  Plaintiff had 15 days from the service of the declaration in which to object to the nonmonetary judgment status of the trustee.  Cal. Civ. Code § 2624*l*(c).  Plaintiff failed to file any objections.

However, there is a question whether Section 2924*l* can be applied in cases that are originally filed in federal court.  As the court noted in *Couture v. Wells Fargo Bank, N.A.*, No. 11–CV–1096–IEG (CAB), 2011 WL 3489955 at *3, n. 2 (S.D. Cal. Aug. 9, 2011):

> District courts in California are divided over whether a trustee may seek status as a nominal party by filing a § 2924*l* declaration in federal court. *Compare, e.g.*, *Tran v. Washington Mut. Bank*, No. Civ. S–09–3277, 2010 WL 520878, at *1 (E.D.Cal. Feb.11, 2010) ("California Civil Code § 2924*l* is a state procedural rule, and not state substantive law. Accordingly, nonmonetary status may not be granted in federal court.") (citation omitted), *with, e.g.*, *Pinales v. Quality Loan Serv. Corp.*, No. 09cv1884 L(AJB), 2010 WL 3749427, at *1 n. 1 (S.D.Cal. Sept. 22, 2010) (treating a defendant as a nominal party after it filed a § 2924*l* declaration in federal court).

*Id.* at *3, n. 2. The court in *Couture* did not have to consider whether a declaration of nonmonetary status was proper for cases filed in federal court, since the case at issue had initially been filed in state court and removed to federal court.  *Id*. at *1.  The *Couture* court noted that it was "aware of no such disagreement over the treatment of trustees that file § 2924*l* declarations in state court prior to removal for the purposes of diversity jurisdiction." *Id*. at *3, n. 2.

Here, however, Plaintiff filed the action directly in federal court; the case was not removed from state court.  (*See* Doc. 1.)  As such, the Court must consider whether Cal-Western's filing of a Declaration of Non-Monetary Status in federal court, for a case initiated in federal court, was proper.

The Court is persuaded by the Eastern District case of *Tran*, which considered the applicability of Section 2924*l* and found that "the court cannot recognize nonmonetary status of a defendant without any basis that such status may be recognized in federal courts." 2010 WL 520878

3

at *1. In *Tran*, a trustee filed a Declaration of Non-Monetary Status in federal court in a mortgage and foreclosure action that had originated in federal court. *Id*. Plaintiff raised untimely objections (mistakenly labeled as an opposition) to the defendant's declaration. *Id*. The court noted that the objections were untimely, but held that "the court cannot recognize nonmonetary status of a defendant without any basis that such status may be recognized in federal courts." *Id*. While the court recognized that there were federal courts that had accepted a defendant's nonmonetary status, those cases had initially been filed in state court and removed to federal court. *Id*. The court determined, however, that for cases originally filed directly in federal court, "nonmonetary status may not be granted" because it "appear[ed] . . . that California Civil Code § 2924*l* is a state procedural rule, and not state substantive law. *See Erie R.R. [Co.] v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)." *Id*.

In federal court, procedure is governed by federal law. *Erie R.R.*, 304 U.S. 64. "The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir.2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). Where an issue is directly covered by the Federal Rules of Civil Procedure, federal law controls. It is immaterial whether a different result would have been reached in a state court action if state procedural law had been applied. *Vess*, 317 F.3d at 1102; see also *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009).

Pleadings are controlled by Federal Rule of Civil Procedure 7, which specifies the type of pleadings authorized in federal court. A declaration of nonmonetary status is not a recognized pleading. *See* Fed. R. Civ. P. 7(a). Further, the Court in *Tran* determined that Section 2924*l* was a "state procedural rule." *Tran*, 2010 WL 520878 at *1. As such, the filing of a declaration of nonmonetary status is not authorized under the federal rules.

The Court notes that there are district court cases that appeared to have allowed a trustee to file a declaration of nonmonetary status under Section 2924*l* in federal court for cases initially filed in federal court. None of these cases, however, considered the question of whether Section 2924*l* is a state procedural rule or a substantive law, and thus none of the cases discussed whether the filing

4

of the declaration was appropriate in federal court. In *Pinales*, 2010 WL 3749427, at *1 n. 1, the court noted in a footnote while considering another defendant's motion to dismiss that the trustee had filed a nonmonetary status declaration; the court did not consider whether the declaration was procedurally proper. *Id.* at *1. In *Gomez v. Plaza Home Mortg., Inc.*, No. 09cv2855-L(RBB), 2011 WL 940762, at *1 (S.D. Cal. Mar. 17, 2011), the court considered another defendant's motion to dismiss and noted that no timely objections had been raised to the trustee's filing of a declaration of nonmonetary status. While the court indicated that the trustee was "not required to participate any further in this action," the court did not discuss whether the filing of the declaration was proper in federal court. *Id*. In *Pedersen v. Greenpoint Mortg. Funding, Inc.*, No. S–11–0642 KJM EFB, 2011 WL 3818560, at *1 (E.D. Cal. Aug. 29, 2011), the court considered arguments concerning the plaintiffs' motion for preliminary injunction and different defendants' motion to dismiss. The court noted that the trustees had filed declarations of nonmonetary status and that plaintiffs had failed to raise a timely objection to the declarations. *Id*. at *23. However, there was no discussion regarding whether the filing of the declarations in federal court was authorized under the Federal Rules.

      *Tran* appears to be the only case to specifically address and decide the issue of whether the filing is of a declaration of nonmonetary status is appropriate when filed in a case that originated in federal court. 2010 WL 520878 at *1. Although other district court cases noted that the declarations had been filed, no other court has considered whether such a filing is appropriate. Thus, relying on the reasoning in *Tran* that Section 2924*l* is a California state procedural law, and the fact that pleadings are controlled in federal court under Rule 7, the Court finds in the instant case that Cal-Western's filing of its Declaration of Non-Monetary Status is not a sufficient pleading since this case was initially filed in federal court.

      However, regarding the instant request by Plaintiff for entry of default against Cal-Western, it is apparent that Cal-Western intended the Declaration of Non-Monetary Status to be a response to Plaintiff's complaint. Cal-Western requested that if the Court determines that it needs to participate in this action, it be permitted to file a further responsive pleading. This request is reasonable, especially in light of the fact that several district courts have allowed the filing of a declaration of nonmonetary status under Section 2924*l* and have not considered whether such a filing

is permissible under the Federal Rules. Further, the court in *Tran* allowed the trustee to file a responsive pleading after determining that the nonmonetary status may not be granted in federal court. *Tran*, 2010 WL 520878 at *2.

As such, Plaintiff's request for entry of default is DENIED WITHOUT PREJUDICE to permit Cal-Western to FILE a responsive pleading within twenty-one (21) days of the issuance of this order. Should Cal-Western fail to file a responsive pleading, Plaintiff may file a renewed Request for Entry of Default Judgment.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Request for Entry of Default is DENIED WITHOUT PREJUDICE; and
2. Defendant Cal-Western may FILE a responsive pleading within twenty-one (21) days of the issuance of this order.

IT IS SO ORDERED.

**Dated:   February 28, 2012**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE