```
1   WRIGHT, FINLAY & ZAK, LLP
    Robin Prema Wright, Esq., SBN 150984
2   Nicole K. Neff, Esq., SBN 257964
3   4665 MacArthur Court, Suite 280
    Newport Beach, CA 92660 (Jara/MTD)
4   Tel. (949) 477-5050; Fax (949) 477-9200
    rwright@wrightlegal.net, nneff@wrightlegal.net
5
6   Attorneys for Defendant,
    CAL-WESTERN RECONVEYANCE CORPORATION
7
```

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GLENN W. BEVER, | ) Case No.: 1:11-cv-01584-AWI-SKO |
|---|---|
| Plaintiff, | ) **NOTICE OF MOTION AND MOTION TO** |
| vs. | ) **DISMISS PLAINTIFF'S COMPLAINT;** |
| | ) **MEMORANDUM OF POINTS AND** |
| CAL-WESTERN RECONVEYANCE CORP.; | ) **AUTHORITIES IN SUPPORT THEREOF** |
| CITIMORTGAGE, INC.; MORTGAGE | ) |
| ELECTRONIC REGISTRATION SYSTEMS, | ) [FRCP Rule 12(b), (e)] |
| INC.; | ) |
| | ) Date:   April 23, 2012 |
| | ) Time:   1:30 p.m. |
| Defendants. | ) Ctrm:   2, 8th Floor |
| | ) |
| | ) Complaint filed: September 20, 2011 |
| | ) |
| | ) *[Filed concurrently with Request for Judicial Notice]* |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on April 23, 2012 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom "2" of the above-entitled Court, located at 2500 Tulare

-1-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  Street, Fresno, CA 93721, Defendant CAL-WESTERN RECONVEYANCE CORPORATION
2  ("CAL-WESTERN" or "DEFENDANT") will move this Court for an Order dismissing the
3  Complaint of Plaintiff Glenn W. Bever ("Plaintiff") pursuant to FRCP Rule 12(b)(6), for his
4  failure to state a claim upon which relief can be granted. This motion is made on the grounds
5  that Plaintiff has failed to plead the essential facts which give rise to his claims for (1) Quiet
6  Title, (2) Fair Debt Collection Practices Act, and (3) Unjust Enrichment and/or the claims are
7  barred on their face, and/or by matters which may properly be judicially noticed by this Court.
8      PLEASE TAKE FURTHER NOTICE that, at the same time, CAL-WESTERN will
9  additionally and/or alternatively move this Court pursuant to FRCP Rule 12(e) for a more
10 definite statement of the claims against it.
11     These Motions will be based upon this Notice, the attached memorandum of points and
12 authorities as well as the Complaint, the complete files and records in this action, the documents
13 of which this Court is being requested to take judicial notice, the oral argument of counsel and
14 such other and further evidence as the Court might deem proper.

                                    Respectfully submitted,

                                    WRIGHT, FINLAY & ZAK, LLP

Dated: March 14, 2012         By:   */s/ Nicole K. Neff*
                                    Robin P. Wright, Esq.
                                    Nicole K. Neff, Esq.
                                    Attorneys for Defendant CAL-WESTERN
                                    RECONVEYANCE CORPORATION

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case appears to arise out of a home loan that Plaintiff received in 2003, which has been in default since Plaintiff failed to make his February 1, 2011 payment. Although Plaintiff appears to be confused by the roles of each defendant in loan and foreclosure process, Defendant Cal-Western Reconveyance Corporation ("CAL-WESTERN") has been named in this action by virtue of its role as substituted foreclosure trustee under the Deed of Trust.

Plaintiff's Complaint alleges generally that MERS lacks standing to take any action with respect to the Deed of Trust and is a fraud on the system, that CAL-WESTERN is not the lender or an assignee of the mortgage or the trustee and cannot foreclose, and that CAL-WESTERN violated the FDCPA. However, each of these claims fails to include sufficient facts, if any at all, that establish a viable claim against CAL-WESTERN under the FDCPA. Further, to the extent that Plaintiff challenges MERS, Courts throughout California have upheld MERS involvement and ability to initiate foreclosure. Thus, CAL-WESTERN respectfully requests that the Court grant its Motion to Dismiss as to Plaintiff's Complaint.

## II.  STATEMENT OF FACTS

On or about June 4, 2003, Plaintiff Glenn W. Bever and his wife Karen L. Bever obtained a loan from First Pacific Financial, Inc. in the amount of $211,850.00, which was secured by the property commonly known as 466 West Tenaya Avenue, Clovis, CA 93612 by a Deed of Trust. RJN, Ex. 1. The Deed of Trust names MERS as the beneficiary and nominee for the lender and the lender's successor and assigns, and names Carriage Escrow Inc. as the trustee.

On May 27, 2011, an Assignment of Deed of Trust was recorded in favor of CitiMortgage, Inc. RJN, Ex. 2. Thereafter, on June 1, 2011, a Substitution of Trustee was executed by CitiMortgage Inc. thereby substituting CAL-WESTERN as trustee under the Deed of Trust. RJN, Ex. 3.

On June 3, 2011, CAL-WESTERN executed and recorded a Notice of Default, as a result of Plaintiff's failure to make the February 1, 2011 payment and those subsequent. RJN,

Ex. 4. After Plaintiff failed to cure the default, a Notice of Trustee's Sale was recorded on September 6, 2011, setting the trustee's sale for September 27, 2011. RJN, Ex. 5. As of the date of this Motion, the sale has not yet been held.

### III. ARGUMENT

#### A. Legal Standard For A 12(b)(6) Motion To Dismiss

The standard to be applied to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to FRCP Rule 12(b)(6) is well-established: A complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46. *See also Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637, 640; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48, *cert. denied*, 441 U.S. 965 (1979). Further, according to Moore's Federal Practice, Vol. 2A, ¶ 12.07 [2.-5]:

> Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief....A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint. *See also Balistreri v. Pacifica Police Department* (9th Cir. 1988) 855 F.2d 1421, 1424.

As observed in *Stinson v. Home Insurance Co.* (N.D.CA 1988) 690 F.Supp. 882, 886: "Although plaintiffs need to provide only a 'short and plain statement of the claim' [pursuant to FRCP Rule 8]... Where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal." *Dack v. Shanman* (S.D.N.Y. 1964) 227 F.Supp. 26, 30 (dismissing complaint where count was so sketchy as to be unintelligible).

While all well-pled facts in the complaint are taken to be true in ruling on a motion to dismiss, [*Balistreri, supra.*] conclusory allegations are disregarded. *McCarthy v. Mayo* (9th Cir. 1987) 827 F.2d 1310, 1316. A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which the court would otherwise view its pleading. *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624. As recently stated by the U.S. Supreme Court: "Factual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 127 S. Ct. 1955, 1965; *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)(holding that the pleading standards of *Twombly* apply to <u>all</u> civil cases, not just antitrust cases).  Moreover, the Court is not limited to the allegations of the complaint in ruling on a motion to dismiss but can also consider any documents attached to the complaint [*Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267] or even documents which are referred to in the complaint but not attached. *Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454; *Parrino v. FHP, Inc.*, (9th Cir.1998) 146 F.3d 699, 706 (court may consider documents "upon which the plaintiff's complaint necessarily relies").  *See also Chambers v. Time Warner, Inc.* (2nd Cir. 2002) 282 F.3d 147, 153, fn. 3.  Examining the allegations of the Complaint, it is readily apparent that it falls far short of the pleading requirements needed to survive a motion to dismiss.

    **B.  Plaintiff Failed To Allege A Clear And Unambiguous Tender Of The Amounts Owed Under The Note And Deed Of Trust In Order To Enjoin The Foreclosure Sale.**

A party seeking to challenge a foreclosure sale appears in equity and is thus required to *do equity* before a court will exercise its equitable powers. 4 Miller & Starr, Cal. Real Estate (3rd ed. 2000) § 10:212, p. 685-686; *see also Arnold's Management Corp. v. Eischen*, 158 Cal.App.3d 575, 577 (1984) and *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971).  In other words, "*[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposefully speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.*" *Karlsen, supra.*, at 118 (citations omitted) (emphasis in original).

As a consequence of this rule: "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen at* 117 (citations omitted). <u>The Tender Rule also applies prior to a foreclosure sale.</u> *Hollins v. ReconTrust Company*, N.A., 2011 WL 1743291, *4 (C.D. Cal. 2011). In *Hollins v. Recontrust, N.A.*, the District Court dismissed the plaintiff's wrongful foreclosure claim with

prejudice based, in part, on plaintiff's failure to tender:

> Plaintiffs protest that they were not required to comply with the tender rule because the trustee sale has not yet occurred in this case. This argument, however, suffers from two fatal flaws. First, it finds no support in the case law. To the contrary, courts have consistently held that plaintiffs bringing claims for wrongful foreclosure must offer to tender the full amount owed to sustain a cause of action regarding any aspect of the foreclosure sale procedure. *Id.*

Similarly, in *Meetz v. Mohr*, the plaintiffs appealed an order granting defendant's motion to dissolve the preliminary injunction. The Court reasoned that "[a] sale under a trust deed will not be enjoined when it appears by complainant's own showing that no sale would be made if he should pay what he admits to be due and what he avers his ability and willingness to pay." *Meetz v. Mohr* (1904) 141 Cal. 667, 673. In affirming the order, the Court noted that "[o]ne who seeks equity must do equity, and the plaintiff in this case did not do so before bringing the action, and further failed and refused to do equity when an opportunity was offered at the hearing on the motion." *Id.*

Further, in *Vega v. JP Morgan Chase Bank*, the U.S. District Court for the Eastern District of California discussed the requirement of tender when addressing the defendant's motion to dismiss plaintiffs' injunctive relief cause of action. Citing to *Karlsen v. American Sav. & Loan Assn.*, the *Vega* Court concluded that in order to enjoin a foreclosure, the trustor must in good faith tender the amounts to cure the default. *Vega v. JPMorgan Chase Bank, N.A.*, 2009 WL 2731039 (E.D. Cal. August 26, 2009).

Additionally, Courts have expanded the application of the tender requirement beyond equitable causes of action to include <u>any</u> cause of action that is "***implicitly integrated***" within allegations of wrongful foreclosure. *Arnolds,* 158 Cal.App.3d at 578-579. In this case, Plaintiff is suing to enjoin the pending foreclosure sale of the Property and title free and clear to the Property. Since his claims are clearly "implicitly integrated" with an alleged wrongful foreclosure, the Tender Rule applies as a bar to Plaintiff's entire Complaint. *Arnolds,* 158 Cal.App.3d at 578-579.

Here, Plaintiff has not alleged a valid tender of amounts required to cure the loan's default. The Complaint is completely devoid of any allegation that Plaintiff is willing and able

to tender the $195,406.19 owed on the loan. RJN, Ex. 5. In fact, considering that Plaintiff has been in default since February 2011, it is evident that Plaintiff is incapable of performing such tender. Therefore, any action by this Court to enjoin or otherwise inhibit the pending foreclosure, or award any damages related thereto, would constitute a futile act and is an improper exercise of the Court's equitable powers. *Karlsen,* supra., at p. 118 (citations omitted)(emphasis in original). Accordingly, Plaintiffs' claim is barred by the Tender Rule.

### C. The Foreclosure Was Properly Initiated.

Plaintiff argues that the pending foreclosure and underlying mortgage is flawed because MERS was named as the beneficiary or nominee. Complaint ¶ 26; 20-25 generally. Moreover, Plaintiff challenges CAL-WESTERN's involvement in the foreclosure as he claims that CAL-WESTERN is not the lender, an assignee or a duly appointed trustee, but believes that CAL-WESTERN is the servicer. Complaint ¶ 54, 27. However, Plaintiff is wholly incorrect. First, MERS involvement does not render the underlying loan or the foreclosure void. Second, CAL-WESTERN is not the lender, an assignee of the loan or the loan servicer, CAL-WESTERN is the substituted trustee under the deed of trust and was authorized to commence the foreclosure proceedings.

According to the California Court of Appeals, the statute authorizing the "trustee, mortgagee, or beneficiary, or any of their authorized agents" to initiate the non-judicial foreclosure process under a deed of trust does not authorize the borrower to bring a court action to determine whether the owner of the note has authorized its agent/nominee to initiate the foreclosure process. See, *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal. App. 4th 1149, 2011 WL 566737, *1; *see also* California Civil Code 2924. Yet, this is exactly what Plaintiff is improperly attempting to do.

Further, there is no prohibition of agency or any requirement that the beneficiary provide the borrower proof of its agency relationship in California's comprehensive regulatory scheme regarding foreclosures [See, Civ. Code § 2924 et seq.] which is "intended to be exhaustive." *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 834. In fact, Plaintiff should be barred from challenging MERS' role simply because he expressly agreed to allow MERS to act in the

-5-
MOTION TO DISMISS

capacity as nominal beneficiary and agent of the Lender and the Lender's successors and assigns. See RJN, Ex. 1. Thus, not only was Plaintiff fully aware of MERS' role, he consented to it when he signed the Deed of Trust. In these situations, Courts have routinely held that MERS has standing to foreclose.[1]

Further, Plaintiff's challenge to MERS' standing and ability to act as the beneficiary under the Deed of Trust is without any supporting authority. Here, the MERS as nominee for the original lender First Pacific Financial Inc. assigned the interest in the Deed of Trust to CitiMortgage, Inc. RJN, Ex. 2. Thereafter, CitiMortgage substituted CAL-WESTERN as trustee under the deed of trust, pursuant to Civil Code 2934a. RJN, Ex. 3. Pursuant to Civil Code 2934a(d), "a trustee named in a recorded substitution of trustee shall be deemed to be ***authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed*** by the mortgagee, beneficiaries, or by their authorized agent." (emphasis added) Thereafter, CAL-WESTERN as trustee recorded the Notice of Default and Notice of Trustee's Sale. RJN, 4 & 5.

Thus, Plaintiff has not stated any defect in the foreclosure process or defect in the underlying loan. As a result, the Motion should be granted.

### D.     The First Claim For Quiet Title Fails.

The elements of a claim for Quiet Title are: (a) a description of the property; (b) the title of the plaintiff seeking possession; (c) the adverse claims against which the plaintiff seeks to quiet title; (d) the date as to which determination is sought; (e) a prayer for relief. Cal. Civ. Proc. Code § 761.020. Plaintiff's Complaint here lacks allegations as to the title he is seeking and the adverse claim that CAL-WESTERN has against Plaintiff's title.

---

[1] *Farahani v. Cal-Western Reconveyance Corp.*, No. 09-194, 2009 WL 1309732, at *2-3 (N.D. Cal. May 8, 2009) (upholding MERS' role in pursing non-judicial foreclosure under California law); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the contracts, [MERS] has the legal right to foreclose on the debtors' property" and "is the mortgagee."); *Pfannenstiel v. Mortgage Electronic Registration Sys., Inc.*, No. CIV S-08-2609 MCE DAD PS, 2009 WL 347716, at *3-4 (E.D. Cal. Feb. 11, 2009) (accepting defendants' position that MERS, as the nominee beneficiary of the deed of trust, and its assignee under the deed of trust, had authority to commence foreclosure proceedings under California law); *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal. App. 4th 1149, 1157-58 (holding that MERS is authorized to commence foreclosure because the borrower expressly agreed to it in the Deed of Trust); *Fontenot v. Wells Fargo Bank, N.A.* 198 Cal. App. 4th 256, 270-271 (upholding MERS authority to act as nominee under the Deed of Trust).

As clear from the documents attached to the RJN, Plaintiff claims an interest in the Property subject to the 2003 Loan. However, in order to state a valid Quiet Title claim, Plaintiff was required to discharge the Note's debt, which he has not done. *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,* 165 Cal.App.3d 1214, 1222, 212 Cal.Rptr. 232 (1984); *Mangindin,* 2009 WL 1766601, at *10. Notably, a trustor cannot "quiet title without discharging his debt." *Aguilar v. Bocci,* 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974). Thus, Plaintiff cannot show he is entitled to title free and clear from any encumbrances, including the defaulted loan.

Further, a Quiet Title cause of action must be based on a showing that title should be quieted in the plaintiff's favor. However, Plaintiff has not provided any basis, as discussed in detail above, to show that the underlying Loan or the foreclosure process is void or should be set aside. Additionally, Plaintiff claims that Defendants are wrongfully foreclosing on the Property because Defendants were not holders of the promissory note. However, possession of the note is not a prerequisite to the nonjudicial foreclosure sale. See, e.g. *Hafiz v. Greenpoint Mortg. Funding, Inc.,* 652 F.Supp.2d 1039, 1043 (N.D.Cal., 2009) ("Plaintiff entirely misstates the law in alleging that defendants must present a note in order to foreclose under the deed of trust."); *Moeller v. Lien,* (1994) 25 Cal.App.4th 822, 830-34; *Huene v. Cribb,* (1908) 9 Cal. App. 141, 143-144; *see also Civil Code* § 2924, et seq. Therefore, Plaintiff's First Cause of Action cannot legally be successful and should be dismissed without leave to amend.

### E. Plaintiff's Second Claim For Violation Of The FDCPA Fails As To CAL-WESTERN.

Plaintiff's Second cause of action for violation of FDCPA is based on Plaintiff's claims that CAL-WESTERN 1) failed to state, within 5 days of the initial communication, 1) the name of the creditor, 2) the right to dispute the debt within 30 days, 3) the right to have verification/judgment mailed to the consumer, 4) that it will provide the name and address of the original creditor. Additionally, Plaintiff claims that he sent CAL-WESTERN a letter disputing the debt and requesting the name and address of the original creditor, and that CAL-WESTERN failed to verify the debt of cease collection efforts until the debt was validated.

In order to state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Jara v. Aurora Loan Services, LLC,* C 11-00419 LB, 2011 WL 6217308, at * 3 (N.D. Cal. Dec. 14, 2011) citing *Adesokan v. U.S. Bank, N.A.*, No. 11-cv-01236-LJO-SKO, 2011 WL 5341178, at *4 (E.D. Cal. Oct 31, 2011).

Thus, to be liable for a violation of the FDCPA, the defendant must-as a threshold requirement-be a "debt collector" within the meaning of the Act. *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Here, Plaintiff's second claim does not allege that CAL-WESTERN is a debt collector as defined by 15 U.S.C. 1692a(6) and is therefore insufficient. *See Jara v. Aurora Loan Services, LLC,* C 11-00419 LB, 2011 WL 6217308, at * 3 (N.D. Cal. Dec. 14, 2011).

Further, even if Plaintiff had plead facts as to the conduct of CAL-WESTERN, CAL-WESTERN was only acting as foreclosure trustee under the Deed of Trust secured by the Property. *See* RJN, Ex. 1 & 3. The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB,* (D.Or.2002) 195 F.Supp.2d 1188, 1204 (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure proceedings pursuant to a deed of trust under the FDCPA). See also *Tina v. Countrywide Home Loans, Inc.,* 2008 WL 4790906 at *7 (S.D. Cal. October 30, 2008). *Jozinovich v. JP Morgan Chase Bank, N.A.,* 2010 WL 234895, at * 6 (N.D.Cal. Jan.14 2010).

Finally, Plaintiff's claim of alleged violations of the FDCPA also appears to be barred on its face. Plaintiff's claim stems from a letter that was purportedly sent by CAL-WESTERN, entitled "LOAN PAYMENT CONFIRMATION" dated June 13, 2010. Compl. ¶ 74. Notwithstanding that a copy of this purported letter is not attached to the Complaint as an exhibit, Plaintiff only had one year from the date of the violation in which to bring his action to enforce any liability. See 15 U.S.C 1692k(d). Thus, Plaintiff's claim expired on June 14, 2011,

1  and this action was not initiated until September 20, 2011.  See Complaint.
2  Therefore, even if Plaintiff had sufficiently alleged the elements required to state a cause
3  of action against CAL-WESTERN for a violation of the FDCPA, his claim is nonetheless time
4  barred and should be dismissed with prejudice.

**F.   Unjust Enrichment Is Not Recognized As A Viable Cause Of Action In California And Nonetheless Fails To State a Claim.**

In California, unjust enrichment is not considered as a viable, stand-alone cause of action. *McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387; *Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793; *Hill v. Roll Intern. Corp.* (2011) 195 Cal.App.4th 1295, *7; *Levine v. Blue Shield of California* (2010) 189 Cal.App.4th 1117, 1138; *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370. For this reason alone, Plaintiff's cause of action fails as a matter of law and is subject to this Motion.

However, even if unjust enrichment was a viable cause of action, Plaintiff's cause of action would still fail because he did not allege any facts to entitle him to restitution from Defendants.  Elements of an unjust enrichment cause of action are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726. The Complaint, on its face, is devoid of any facts demonstrating that CAL-WESTERN received any sort of benefit from Plaintiff and that it subsequently unjustly retained it at Plaintiff's expense. In fact, Plaintiff's claim seems to be based on defendants being unjustly enriched by TARP funds and bailout money. Comp. ¶ 93-95. However, Plaintiff's standing to bring such a claim is obviously questionable, and moreover, plaintiff has not been deprived of any benefit. Thus, Plaintiff's cause of action (if it is construed as such), cannot withstand this Motion.

**III.   ALTERNATIVELY, A MORE DEFINITE STATEMENT IS NEEDED**

A FRCP Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and is therefore unable to

frame a proper response.[2] As the *Frederick v. Koziol*[3] court held, it is only in situations where the complaint gives the defendant <u>fair notice of the claims</u> against him, that a motion for more definite statement will be denied.

Here, Plaintiff lumps all Defendants together and does not provide facts as to specific actions taken by each Defendant, thus it is impossible to determine which Defendant is accused of which wrongdoing.

Therefore, in the event the Motion to Dismiss is not granted, the Court should grant the Motion for a More Definite Statement of the Complaint pursuant to FRCP Rule 12(e).

## IV.   CONCLUSION

For the foregoing reasons, CAL-WESTERN respectfully requests that the Honorable Court grant its Motion to Dismiss without leave to amend. In the event that this Court is disinclined to grant the Motion to Dismiss in its entirety, CAL-WESTERN respectfully requests that the Court direct Plaintiff to provide a more definite statement.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: March 14, 2012     By:   */s/ Nicole K. Neff*
Robin P. Wright, Esq.
Nicole K. Neff, Esq.
Attorneys for Defendant CAL-WESTERN RECONVEYANCE CORPORATION

---

[2] *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D. Cal. 1981).
[3] *Frederick v. Koziol,* 772 F.Supp. 1019, 1021 (E.D. Va. 1990).

# **PROOF OF SERVICE**

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On March 14, 2012, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Glenn W. Bever
466 West Tenaya Avenue
Clovis, CA 93612
(559) 438-7667
*Pro Se*

Peter J. Salmon, Esq.
Christopher L. Peterson, Esq.
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
T: 858-750-7600
F: 619-590-1385
*Attorneys for Defendants CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[]  (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2012, at Newport Beach, California.

*/s/ Steven E. Bennett*

Steven E. Bennett