WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq., SBN 150984
Nicole K. Neff, Esq., SBN 257964
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200
rwright@wrightlegal.net, nneff@wrightlegal.net

Attorneys for Defendant,
CAL-WESTERN RECONVEYANCE CORPORATION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CAL-WESTERN RECONVEYANCE CORP.;<br>CITIMORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;<br><br>　　　　　Defendants. | Case No.: 1:11-cv-01584-AWI-SKO<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BY DEFENDANT CAL-WESTERN RECONVEYANCE**<br><br>Date:　April 23, 2012<br>Time:　1:30 p.m.<br>Ctrm:　2, 8th Floor<br><br>[FRCP Rule 12(b)(6)] |

///

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

Defendant CAL-WESTERN RECONVEYANCE CORPORATION ("CAL-WESTERN") hereby submits the following Reply Brief to Plaintiff's Opposition to its Motion to Dismiss.

## I. ARGUMENT

Plaintiff's opposition consists of seven pages of assertions that the parties were not authorized, could not initiate the foreclosure and do not possess the note. However, these assertions do not overcome the law in California regarding nonjudicial foreclosure or the facts of the instant matter. Quite simply, on the Deed of Trust signed by Plaintiff, MERS was named beneficiary under the security agreement and as nominee for the Lender and Lender's assigns. The Deed of Trust was then assigned to CitiMortgage. CitiMortgage substituted CAL-WESTERN as trustee under the deed of trust, who then commenced the foreclosure proceedings. Despite Plaintiffs' claim that there was no authority, the judicially noticeable documents clearly show that CitiMortgage and CAL-WESTERN were the only entities authorized to commence foreclosure. Furthermore, Plaintiff fails to oppose the distinct arguments raised in the Motion to Dismiss as to the defects in his causes of action for Unjust Enrichment, FDCPA, and Quiet Title. Thus, CAL-WESTERN respectfully requests that the Court grant its Motion to Dismiss in its entirety without leave to amend.

### A. Possession of the Note is Not Required

Plaintiff's Opposition is a challenge to the authority of the parties of the Note and Deed of Trust. Plaintiff attempts to state that while "production" of the note is not required, there still must be "possession" of the original note at the time of foreclosure. Opp. Pg.4-5. However, this minuscule distinction (considering one would need to have the note in its possession in order to produce it), still does not set forth a cause of action, or render the foreclosure in this matter invalid or void.

In fact as recently held in the California Appellate Case *Debrunner v. Deutsche Bank National Trust Company,* (2012) --- Cal.Rptr.3d ---, 2012 WL 883128 *4 (Cal.App. 6 Dist.), "[w]e likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note." In *Debrunner*, the Plaintiff similarly argued that no foreclosure of a deed of trust is valid unless the beneficiary is in

possession of the underlying promissory note. However, the Court agreed with the numerous federal court cases applying California law which rejected Plaintiff's position, as "the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure. (See, e.g., *Geren v. Deutsche Bank National* (E.D.Cal.2011) 2011 WL 3568913; *Kolbe v. JP Morgan Chase Bank, N.A.* (N.D.Cal.2011) 2011 WL 4965065; *Hague v. Wells Fargo Bank, N.A.* (N.D.Cal.2011) 2011 WL 3360026, 3; *Impink v. Bank of America* (S.D.Cal.2011) 2011 WL 3903197.)" *Id.* at *4.

Moreover, Plaintiff's Opposition, like the Complaint, concludes that CAL-WESTERN is not the trustee under the Deed of Trust. However, nowhere in the Complaint or Opposition are there any facts to support Plaintiff's pure speculation. In fact, the documents that are recorded with the county and are judicially noticeable clearly show the opposite. See *Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, 2009 WL 656285 *3 (N.D. Cal. Mar. 12, 2009)(Court took judicial notice of recorded documents related to the foreclosure sale); *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001) (On a motion to dismiss, the court may consider matters of public record.)

Here, MERS as nominee for the original lender First Pacific Financial Inc. assigned the interest in the Deed of Trust to CitiMortgage, Inc. RJN, Ex. 2. Thereafter, CitiMortgage substituted CAL-WESTERN as trustee under the deed of trust on June 1, 2011, pursuant to Civil Code 2934a and the Deed of Trust ¶22. RJN, Ex. 3. Pursuant to Civil Code 2934a(d), "a trustee named in a recorded substitution of trustee shall be deemed to be ***authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed*** by the mortgagee, beneficiaries, or by their authorized agent." (emphasis added) Thereafter, CAL-WESTERN as trustee executed and recorded the Notice of Default and Notice of Trustee's Sale. RJN, 4 & 5. As a result, Plaintiff's claim that the person who filed the notice of default and gave notice of sale and mailed the notices was not the trustee, mortgagee, or beneficiary or an authorized agent is simply disingenuous.

1     Thus, as Plaintiff has not stated a claim based on his challenge to the authority of the entities or the possession of the note, and has further failed to oppose the defects in each of the causes of action, the Motion should be granted without leave to amend.

## II. CONCLUSION

Based upon the foregoing, CAL-WESTERN respectfully requests that the Court grant its Motion to Dismiss with prejudice and dismiss CAL-WESTERN from the action.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: March 29, 2012      By:    /s/ Nicole K. Neff
Nicole K. Neff, Esq.
Attorneys for Defendant, CAL WESTERN RECONVEYANCE CORPORATION

# PROOF OF SERVICE

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On March 29, 2012, I served the within **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BY DEFENDANT CAL-WESTERN RECONVEYANCE** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Glenn W. Bever
466 West Tenaya Avenue
Clovis, CA 93612
(559) 438-7667
*Pro Se*

Peter J. Salmon, Esq.
Christopher L. Peterson, Esq.
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
T: 858-750-7600
F: 619-590-1385
*Attorneys for Defendants CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 29, 2012, at Newport Beach, California.

Steven E. Bennett