**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN W. BEVER, | 1:11-CV-1584 AWI-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| CAL-WESTERN RECONVEYANCE CORP., CITIMORTGAGE, INC., and REGISTRATION SERVICES, INC., | (Doc No. 37) |
| Defendants. | |

**INTRODUCTION**

On Sept. 20, 2011, Glenn Bever ("Plaintiff") filed a complaint against Defendants CitiMortgage, Inc. ("Citi"), Mortgage Electronic Registration Services ("MERS") and Cal-Western Reconveyance Corp. ("Cal-Western") (collectively, "Defendants"). Plaintiff also filed an ex parte motion for a temporary restraining order to enjoin Defendant Cal-Western from selling Plaintiff's home in Clovis, Cal. (the "Property"). Based upon evidence presented by Plaintiff that Defendants failed to comply with Cal. Civ. Code § 2923.5, the temporary restraining order was granted on Oct. 26, 2011.

On Oct. 12, 2011, Defendants Citi and MERS filed a motion to dismiss Plaintiff's claim

pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## FACTUAL BACKGROUND

In his complaint, Doc. 1, Plaintiff alleges a number of irregularities and violations by Defendants in the foreclosure process. Plaintiff claims violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 et seq. Plaintiff also makes claims under California common law of unjust enrichment, fraud, and injurious falsehood, and seeks to quiet title to the Property.

Plaintiff first alleges under the FDCPA that Cal-Western failed, in a "loan payment confirmation" letter dated June 13, 2010,[2] to state the name of the creditor to whom the debt was owed and Plaintiff's right to dispute the debt within 30 days, in violation of 15 U.S.C. § 1692g(a)(2). Doc. 1 ¶¶ 74-75. Plaintiff also includes a verification request he sent to Cal-Western, which cites a letter from Cal-Western dated June 15, 2011, including the statement that "This letter is an attempt to collect a debt." *Id*. at 27. Plaintiff also alleges that Cal-Western failed to verify the debt as requested by Plaintiff and failed to cease collection after the request, in contravention of § 1692g(b). *Id*. ¶¶ 79-81. Plaintiff further claims – apparently in connection to the Notice of Default – that Cal-Western violated §§ 1692e and 1692f because it did not actually possess the promissory note for the Deed and therefore deceptively and unfairly sought collection of the debt. *Id*. ¶¶ 82-85. Plaintiff seeks unspecified damages. *Id*. ¶ 86.

Plaintiff alleges under RESPA that Citi responded to a Qualified Written Request in an untimely and inadequate manner, thus violating 12 U.S.C. § 2605(e). *Id*. ¶¶ 88-89.

---

[1] Plaintiff filed a motion on Dec. 9, 2011, to file an out of time response to Citi and MERS' motion to dismiss. The motion is granted.

[2] Plaintiff's allegations under the FDCPA stem from a communication that the complaint says was dated June 13, 2010. Because Plaintiff includes a letter that he wrote in response to a June 15, 2011, Cal-Western communication with language identical to that quoted in the complaint, and because Cal-Western was not associated with the Deed until June 2011, the court will assume that the initial communication referred to in ¶ 74 was dated in June 2011 and not June 2010. Plaintiff's claims, therefore, are not time-barred by 15 U.S.C. 1692k(d).

Under a theory of unjust enrichment, Plaintiff seems to allege that federal bailout dollars or other means have been used to repay Plaintiff's loan, and that collection of Plaintiff's debt by Defendants would therefore unjustly enrich them. *Id*. ¶¶ 92-96.

Plaintiff further alleges that MERS acted to conceal its true identity and purpose, thereby inducing Plaintiff into a fraudulent loan. *Id*. ¶ 98. Plaintiff also appears to challenge MERS' authority to make an assignment to Citi and claims that MERS knew the assignment would wrongly divest Plaintiff of title to the Property. *Id*. ¶¶ 99-100.

## LEGAL STANDARD

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) if the claim states no cognizable legal theory or alleges insufficient facts to support a valid allegation. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of the 12(b)(6) motion, all well-pleaded allegations are accepted as true and are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). A well-pleaded allegation contains sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007). Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences do not meet this standard and need not be accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**A.** *Judicial Notice* – Generally, the court considers only the complaint and attached documents in deciding a motion to dismiss, but the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendants Citi and Cal-Western have requested judicial notice of officially recorded documents. These documents include the deed of trust (the

3

"Deed") executed on the Property by Plaintiff and his wife on June 4, 2003, which lists the trustee as Carriage Escrow, Inc. ("Carriage") and the beneficiary as MERS. Doc. 13-2 at 4; Doc. 32 at 4.  Defendants further included the assignment of the Deed to Citi by MERS on behalf of lender First Pacific Financial, Inc. ("First Pacific"), recorded on May 27, 2011. Doc. 13-2 at 26; Doc. 32 at 23.  Cal-Western includes the document, dated June 1, 2011, and recorded June 28, 2011, that substitutes Cal-Western as trustee under the Deed. Doc. 32 at 27.  Defendants also requested notice of a Notice of Default and Notice of Default and Election to Sell, both recorded on June 3, 2011. Doc. 13-2 at 23-24; Doc. 32 at 30-31.  A Notice of Trustee's Sale, recorded on Sept. 5, 2011, was also included. Doc. 13-2 at 29-30; Doc. 32 at 33-34.  Such documents are properly the subject of judicial notice, Fed. R. Evid. 201(b); *Permito v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 55977 at *7-8 (N.D. Cal. Apr. 20, 2012), and the court will take notice of the undisputed facts contained in these documents. *Lee*, *supra*, at 690.

## DISCUSSION

**A.** ***Plaintiff's FDCPA claim against Cal-Western*** – The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., prohibits certain abusive or deceptive practices by debt collectors. Creditors collecting their own debts are generally not subject to the FDCPA. *Brooks v. Citibank*, 345 Fed. Appx. 260, 262 (9th Cir. 2009).  A necessary element to an FDCPA claim is the allegation that the adverse party fits the definition of a debt collector under § 1692a(6) or that the party is liable under 1692a(4), which defines the extent to which creditors are subject to the FDCPA.

Courts have construed mortgage servicing companies and assignees of debt as being like creditors within the meaning of the FDCPA. *Perry v. Stewart Title Co.*, 756 F.2d 1197, modified on other grounds, 761 F.2d 237 (5th Cir.1985).  Trustees of deeds of trust are likewise treated like creditors under the FDCPA. *Crane v. Bank of N.Y. Mellon*, 2012 U.S. Dist. LEXIS 68660, *14 (E.D. Cal. May 16, 2012); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009).  Cal-Western, acting here as trustee, is therefore subject to the same

4

standards as creditors within the meaning of the Act.

Under § 1692a(4), creditors are subject to the FDCPA to the extent that they "receive[] an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." The Ninth Circuit has construed "in default" to reflect the meanings found in relevant contractual agreements and state law. *De Dios v. Int'l Realty & RC Invs.*, 641 F.3d 1071, 1074-75 (9th Cir. 2011). Even if a creditor obtains a debt that is already in default, in order for the FDCPA to apply, a plaintiff must also allege that the debt was acquired solely for facilitating collection. *Schlegel v. Wells Fargo Bank*, 799 F. Supp. 2d 1100, 1104 (N.D. Cal. 2011).

Plaintiff bases his FDCPA claims on a "loan payment confirmation" letter he received in June 2011 from Cal-Western, which had been substituted as trustee under the Deed on June 1, 2011. The letter stated that it was "an attempt to collect a debt." Doc. 1 ¶ 74. Plaintiff avers that Cal-Western failed to follow up this letter with a statement of his rights as required by § 1692g(a) and also that Cal-Western failed to validate the debt upon Plaintiff's request, as required by § 1692g(b).

Because Cal-Western is treated like a creditor under the FDCPA, Plaintiff must first allege that Cal-Western both acquired the debt when it was in default, as defined by the Deed or relevant California law, and took on the debt solely for the purpose of facilitating collection of the debt. Plaintiff has alleged neither. Cal-Western's motion to dismiss will therefore be granted, without prejudice, as to the FDCPA claims.

**B.** ***Plaintiff's RESPA claim against Citi*** – The Real Estate Settlement Practices Act, 12 U.S.C. § 2605 et seq., establishes and defines the duty of a loan servicer to respond to "qualified written requests." 12 U.S.C. § 2605(e). The Dodd-Frank Wall Street Reform and Consumer Act, Pub. L. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank Act"), passed in 2010, amended certain provisions and added subsections (k)-(m).

Plaintiff includes with his complaint a letter dated Aug. 12, 2011, that states "we believe

5

the account is in error because it misidentifies the party owed, and we are uncertain as to who is the current owner of the mortgage and/or note" and seeks the identifying information of the loan owner. Doc. 1 at 30. Plaintiff alleges in his complaint that Citi responded with a "form letter" and "failed to respond adequately within 10 business days." *Id*. ¶ 89. Plaintiff appears to be referring to § 2605(k)(1)(D), one of the Dodd-Frank additions, which provides that federally-related mortgage servicers shall not "fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." Pub. L. No. 111-203, § 1463, 124 Stat 1376 (July 21, 2010).

*Williams v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 105513 at *14-19 (S.D. Fla. Sept. 19, 2011), extensively analyzed the question of the effective date for § 2605(k)-(m).  The court found that the effective date for these subsections (§ 1463 of the Dodd-Frank Act) was governed by § 1400(c) of the Dodd-Frank Act, which provides that they do not become effective until final implementing regulations are passed, or 18 months after a designated "transfer date." *Patton v. Ocwen Loan Servicing*, 2011 U.S. Dist. LEXIS 82789 at *13 n.6 (M.D. Fla. July 28, 2011) notes that the transfer date referred to in § 1400(c) was set at July 21, 2011, by 75 Fed. Reg. 57,252 (Sept. 20, 2010) (making the latest effective date Jan. 21, 2013).  On Dec. 14, 2011, the Consumer Financial Protection Bureau published a notice of rulemaking in the Federal Register.  It stated:

> The Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law No. 111-203, Title XIV (the "Dodd-Frank Act"), requires CFPB to publish, in final form, certain mortgage servicing rules by January 21, 2013. These rules implement ... [section] 1463 ... of the Dodd-Frank Act. The CFPB has determined that model forms and disclosures are required for these rules.

76 Fed. Reg. 77,766.  This indicates that no rule implementing § 2605(k) had been passed as of Dec. 2011.  Plaintiff's request under § 2605(k) was made on Aug. 12, 2011, and § 2605(k) was therefore not then in effect. Because Plaintiff's RESPA claims all stem from this subsection, they will be dismissed.

6

Even were § 2605(k) in effect at the time of Plaintiff's request, Plaintiff fails to plead actual damages under RESPA, a necessary element to such a claim. *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010); *Lemieux v. Litton Loan Servicing*, 2009 U.S. Dist. LEXIS 123833 at *7 (E.D. Cal. Dec. 21, 2009); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009). Plaintiff's complaint provides only the conclusory statement that "[a]s a result of these wrongful actions, Plaintiff suffered damages to be determined at trial." Citi's motion to dismiss will therefore be granted, without prejudice, as to the RESPA claims.

**C. *Plaintiff's unjust enrichment claims against Defendants*** – The elements of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." *Cont'l Cas. Co. v. Enodis Corp.*, 417 Fed. Appx. 668, 670 (9th Cir. 2011) (quoting *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Cal. App. 2d Dist. 2000)). Under California law, unjust enrichment is an action in quasi-contract and is not cognizable when there is a valid and enforceable contract between the parties. *Id*. at 670.

Plaintiff claims that Defendants were unjustly enriched because federal bailout money paid the balance of Plaintiff's debt. Plaintiff's mortgage payments, therefore, would serve to pay Defendants twice for Plaintiff's loan. Doc. 1 ¶ 93.

Despite this allegation, Plaintiff's Deed precludes him from arguing that Defendants have unjustly retained his loan payments. In *Macris v. Bank of Am.*, 2012 U.S. Dist. LEXIS 10633 at *33-34 (E.D. Cal. Jan. 27, 2012), plaintiffs claimed that their mortgage lender had been unjustly enriched by payments from the federal government, but the court struck the claim because it found the plaintiffs' loan documents to be binding agreements and thus not affected by the actions of nonparties. Plaintiff makes no supported allegation that the Deed is not valid and enforceable, so a claim in quasi-contract based upon actions by nonparties to the Deed does not state a cognizable legal theory. Defendants' motions to dismiss will therefore be granted, without prejudice, as to the unjust enrichment claims.

7

**D. *Plaintiff's claims of fraud against MERS*** – Fed. R. Civ. P. 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." The Ninth Circuit has construed this standard as requiring that the pleader "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Under California law, the elements of fraud are "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc., v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004).

Plaintiff appears to claim that the lender listed on the Deed was not actually the lender and that MERS was an active participant in the concealment of the true lender, thereby inducing Plaintiff's reliance on a false deed of trust and causing him damage. Doc. 1 ¶ 98. Although Plaintiff identifies the alleged misrepresentation – that the listed lender was not the true lender – the claim lacks sufficient facts to raise the allegation above the level of speculation. The heightened pleading standard of Fed. R. Civ. P. 9(b) further requires that Plaintiff plead the specific content of the alleged misrepresentation, which this bare claim fails to provide.

**E. *Plaintiff's injurious falsehood claim against MERS*** – The claim of injurious falsehood is a tort similar to defamation, but directed at statements that are intended or clearly likely "to result in harm to interests of the other having a pecuniary value" and which are known to be false or made in reckless disregard of the truth. Restatement (Second) of Torts § 623A(a)-(b) (1977); *McCullough v. Clausen*, 2004 Cal. App. Unpub. LEXIS 5545 at *37 (Cal. App. 4th Dist. June 9, 2004) (unpublished) (adopting the Restatement's definition of injurious falsehood).

Plaintiff appears to allege that MERS' recorded assignment of the Deed to Citi was a false statement because MERS lacked the authority to execute a valid assignment, thus making

8

the document invalid and false. Doc. 1 ¶ 100.

To be liable for injurious falsehood, a party must knowingly make a false statement or act in reckless disregard of the truth. But Plaintiff's Deed explicitly states that MERS, acting as the lender's nominee, may exercise "any or all of those interests [granted to the lender]." Doc. 13-2 at 6.  Courts examining similar deeds have rejected claims that MERS lacks authority to act on behalf of the lender and to assign the lender's interest in deeds of trust. *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]his court, along with many others, [has ruled] that MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party); *Herrera v. Federal National Mortgage Assn.*, 205 Cal. App. 4th 1495, 1504-05 (Cal. App. 4th Dist. 2012) (finding that a deed of trust with language identical to the instant Deed conclusively gave MERS authority to exercise the legal rights of the lender, including assignment of the deed)*; Fontenot v. Wells Fargo Bank*, 198 Cal. App. 4th 256, 270-71 (Cal. App. 1st Dist. 2011) ("[T]he assignment of deed of trust states that MERS was acting as nominee for the lender, which did possess an assignable interest. ... Accordingly, the allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender.").

Because Plaintiff's Deed clearly grants MERS the authority to assign the lender's interest in the Deed on behalf of the lender, Plaintiff has failed to provide facts to support a claim that MERS knew it was making a false statement or acted in reckless disregard of the truth, a necessary element to an injurious falsehood claim. MERS' motion to dismiss will therefore be granted, without prejudice, as to the injurious falsehood claims.

**F.** ***Plaintiff's claim against Defendants to quiet title*** – Under Cal. Civ. Code § 761.020, a complaint seeking to quiet title must contain "(a) A description of the property that is the subject of the action. ... (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. ... (c) The adverse claims to the title of the plaintiff against

9

which a determination is sought. (d) The date as of which the determination is sought[; and] (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

California courts have also held that a party seeking to quiet title to a property on which he owes a debt must first offer payment of that debt in full. *Gjurovich v. California*, 2010 U.S. Dist. LEXIS 118797 at *8 (E.D. Cal. Oct. 26, 2010); *Kozhayev v. America's Wholesale Lender*, 2010 U.S. Dist. LEXIS 77553 (E.D. Cal. July 30, 2010). Plaintiff, however, fails to allege in his complaint that he has offered a full tender of his debt.

In order to properly plead element (b), the basis of title, Plaintiff must allege he is the rightful owner of the property, which includes satisfaction of the obligations under the Deed. *Adegbenga Adesokan v. U.S. Bank*, 2012 U.S. Dist. LEXIS 15192, 9-10 (E.D. Cal. Feb. 6, 2012); *Kelley v. Mortg. Elec. Resgistration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Plaintiff's Deed states that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note ... ." Doc. 13-2 at 7. The Notice of Election to Sell, dated June 3, 2011, and of which the court has taken notice, states that Plaintiff failed to make all payments due on and after Feb. 1, 2011. Plaintiff has therefore failed to sufficiently allege that he is the rightful owner of the Property. Defendants' motions to dismiss will be granted, without prejudice, as to the claim to quiet title.

**G. Leave to amend** – "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff will therefore be given the opportunity to provide the facts and allegations needed for a well-pleaded complaint, as described above.

**CONCLUSION AND ORDER**

THEREFORE, Defendants' motions to dismiss are GRANTED as to the claims against each. Plaintiff is given leave to amend his complaint within 21 days of this Order.

"Servicing" is defined under § 2605(i)(3) as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments ... with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." A qualified written request, therefore, must seek information relating to the receipt or making of scheduled payments under the loan. Plaintiff's letter, which disputes the identity of loan owner and seeks only the identifying information of the loan owner, does not relate to the servicing of a loan withing the meaning of RESPA. *Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (rejecting as a qualified written request a letter that only questioned the validity of the loan); *see also Patacsil v. Wilshire Credit Corp.*, 2010 U.S. Dist. LEXIS 10414 at *13 (E.D. Cal. Feb. 5, 2010) (rejecting as a qualified written request a letter seeking only information on the origination of the loan).

IT IS SO ORDERED.

Dated:   June 22, 2012

CHIEF UNITED STATES DISTRICT JUDGE

12