1

2

3          IN THE UNITED STATES DISTRICT COURT FOR THE

4                 EASTERN DISTRICT OF CALIFORNIA

5

6    GLENN W. BEVER,                    )    1:11-CV-1584  AWI SKO
                                        )
7                  Plaintiff,           )
                                        )    ORDER ON DEFENDANTS'
8         v.                            )    MOTIONS TO DISMISS
                                        )
9    CAL-WESTERN RECONVEYANCE           )
     CORP., CITIMORTGAGE, INC., and     )
     MORTGAGE ELECTRONIC                )    (Doc. No. 47)
10   REGISTRATION SERVICES, INC.,       )
                                        )
11                 Defendants.          )
     _____)

12

13

14          This is a mortgage related case brought by Plaintiff Glenn Bever ("Bever") against Cal-

15   Western Reconveyance Corp. ("Cal-Western"), Citi Mortgage, Inc. ("Citi"), and Mortgage

16   Electronic Registration Services, Inc. ("MERS").  The active complaint is the First Amended

17   Complaint ("FAC"), which was filed following the Court's order granting a Rule 12(b)(6)

18   motion to dismiss.  The FAC alleges five causes of action: (1) quiet title; (2) 15 U.S.C. § 1692;

19   (3) 12 U.S.C. § 2605; (4) unjust enrichment; and (5) fraud and injurious falsehood.  Cal-Western

20   has filed a Rule 12(b)(6) motion to dismiss, and MERS and Citi have filed a separate motion to

21   dismiss.  For the reasons that follow, Citi and MERS's motion will be granted and Cal-Western's

22   motion will be stayed.

23

24                              **BACKGROUND**[1]

25          In June 2003, Bever obtained a loan for approximately $212,000 on real property located

26   _____

27          [1]The background facts are taken from allegations in the FAC and documents of which this Court takes
     judicial notice.  The documents are the deed of trust executed by Plaintiffs, an assignment of deed of trust, a
28   substitution of trustee, and a notice of default.  These documents were all recorded in the Fresno County
     Recorder's Office.  As public records, it is proper to take judicial notice of these documents.  See Fed. R. Evid. 201;
     Botelho v. U.S. Bank, N.A., 692 F.Supp.2d 1174, 1178 (N.D. Cal. 2010); Allen v. United Fin. Mortg. Corp., 660
     F.Supp.2d 1089, 1093-94 (N.D. Cal. 2009).

1   in Fresno County.  The loan was secured by deed of trust.  The deed of trust identified First

2   Pacific Financial, Inc. as the lender, Carriage Escrow, Inc. as the trustee, and MERS as the

3   beneficiary and nominee of First Pacific Financial.  The deed of trust was recorded in the Fresno

4   County Recorder's Office on June 20, 2003.

5        On March 20, 2006, Bever and his wife deeded the real property to themselves in the

6   capacity of trustees of The Bever Family Trust.

7        On May 27, 2011, an assignment of deed of trust was recorded in the Fresno County

8   Recorder's Office.  The assignment purports to assign MERS's beneficial interest in the deed of

9   trust to Citi.  The assignment is signed by Brenda Enriquez as an Assistant Secretary of MERS.

10       On June 1, 2011, a Substitution of Trustee was executed by Citi.  This document

11  substituted Cal Western as the trustee.  The Substitution of Trustee was recorded in the Fresno

12  County Recorder's Office on June 28, 2011.

13       On June 3, 2011, a notice of default and election to sell was sent to Bever by Cal

14  Western.

15       On September 6, 2011, Cal-Western sent Bever a notice of trustee's sale, which set sale

16  of Bever's property for September 27, 2011.  The sale was later moved to October 27, 2011.

17       On October 26, 2011, the Court granted Bever's application for a temporary restraining

18  order and set a briefing schedule for a preliminary injunction.[2]

19

20                          **RULE 12(b)(6) FRAMEWORK**

21       Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

22  plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

23  dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

24  absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v.

25  Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d

26  1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of

27

28       [2]The parties have completed briefing with respect to a preliminary injunction.  The Court will resolve
         Bever's motion for a preliminary injunction in separate order.

1  material fact are taken as true and construed in the light most favorable to the non-moving party.

2  Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121.

3  However, the Court is not required "to accept as true allegations that are merely conclusory,

4  unwarranted deductions of fact, or unreasonable inferences."  Willson v. Hewlett-Packard Co.,

5  668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988

6  (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient

7  factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v.

8  Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570

9  (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

10  court draw the reasonable inference that the defendant is liable for the misconduct alleged."

11  Iqbal, 129 S.Ct. at 1949.  The Ninth Circuit has distilled the following principles from *Iqbal* and

12  *Twombly*:

13  
14  
15  
16  
> First, to be entitled to the presumption of truth, allegations in a complaint or
> counterclaim may not simply recite the elements of a cause of action, but must
> contain sufficient allegations of underlying facts to give fair notice and to enable
> the opposing party to defend itself effectively.  Second, the factual allegations that
> are taken as true must plausibly suggest an entitlement to relief, such that it is not
> unfair to require the opposing party to be subjected to the expense of discovery
> and continued litigation.

17  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  In deciding whether to dismiss a claim under

18  Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take

19  judicial notice of public records outside the pleadings, review materials which are properly

20  submitted as part of the complaint, and review documents that are incorporated by reference in

21  the Complaint if no party questions authenticity.  See Knievel v. ESPN, 393 F.3d 1068, 1076

22  (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a motion to

23  dismiss is granted, "[the] district court should grant leave to amend even if no request to amend

24  the pleading was made . . . ."  Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).

25  However, leave to amend need not be granted if amendment would be futile or if the plaintiff has

26  failed to cure deficiencies despite repeated opportunities.  See Mueller v. Aulker, 700 F.3d 1180,

27  1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

28

1

**CITI & MERS'S MOTION**

2       **1.       1st Cause of Action – Quiet Title (MERS & CITI)**

3       *Defendants' Argument*

4              Defendants argue that this cause of action should be dismissed for several reasons.  First,

5       the FAC does not properly allege that Bever can tender the debt owed.  In fact, Bever attempted

6       to send a check to Citi to pay off the debt, but the check could not be cashed because Bever

7       wrote, "NOT FOR DEPOSIT."  Second, Bever is improperly challenging the standing of the

8       beneficiary to foreclose.  There is no requirement that a foreclosing party possess the note and

9       deed of trust at the same time.  Further, MERS had the authority to assign its interest in the deed

10      of trust, and its assignment to Citi was proper.  Third, reliance on a "vapor money" theory is

11      improper.  Fourth, Bever's allegations regarding signatory authority are conclusory and

12      speculative, and Bever does not have standing to challenge the assignment.  Fifth, MERS's

13      participation in the series of transactions is proper, and no defendant is required to posses or

14      produce the original note in order to foreclose.

15      *Plaintiff's Opposition*

16             Bever argues that the FAC does not allege any amount owing for tender purposes.

17      Nevertheless, Bever states that he is willing and able to tender the amount owed, provided

18      Defendants establish their entitlement to receive monies under the deed of trust.  Bever also

19      argues that he can bring an action challenging the authority to foreclose where the wrong party

20      has initiated foreclosure proceedings, and the FAC alleges that the entity that intends to foreclose

21      is not the trustee, mortgagee, or beneficiary.  Bever also argues that the FAC has alleged that the

22      signatories of various documents did not hold the titles indicated or were not authorized agents.

23      That is, he is broadly alleging that the signatories were not authorized by any means to do what

24      they did.  Further, relying on a bankruptcy case, Bever argues that MERS's transfer of the deed

25      of trust was void because MERS is merely a nominee of the lender and did not transfer the note.

26      Thus, Citi is not a beneficiary.  Finally, Bever argues that he is not alleging a "vapor money"

27      theory, rather he is contending that a national bank, Lehman Brothers, improperly lent its credit

28      through the front man lender, "First Pacific Financial, Inc."

1     *Legal Standard*

2     Under California law, a claim for quiet title must be in a verified complaint and include:

3 (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to

4 which a determination under this chapter is sought and the basis of the title, (3) the adverse

5 claims to the title of the plaintiff against which a determination is sought, (4) the date as of which

6 the determination is sought, and (5) a prayer for the determination of the title of the plaintiff

7 against the adverse claims.  See Cal. Code Civ. Pro. § 761.020; Kimball v. Flagstar Bank F.S.B.,

8 881 F.Supp.2d 1209, 1220 (S.D. Cal. 2012); Hamilton v. Bank of Blue Valley, 746 F.Supp.2d

9 1160, 1177-78 (E.D. Cal. 2010); Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952,

10 975-76 (N.D. Cal. 2010). "A basic requirement of an action to quiet title is an allegation that

11 plaintiffs are the rightful owners of the property, i.e. that they have satisfied their obligations

12 under the deed of trust." Rosenfeld, 732 F.Supp.2d at 976.  A "mortgagor of real property

13 cannot, without paying his debt, quiet his title against the mortgagee." Kimball, 881 F.Supp.2d

14 at 1220; Hamilton, 746 F.Supp.2d at 1177-78; Rosenfeld, 732 F.Supp.2d at 976; Shimpones v.

15 Stickney, 219 Cal. 637, 649 (1934).

16     *Discussion*

17     This cause of action depends largely on two premises – MERS did not have the authority

18 or ability to assign the beneficial interest in the deed of trust, and MERS did not assign its

19 interest in the deed of trust to Citi.

20     With respect to the first premise, California courts recognize that MERS as a nominee

21 and beneficiary under a deed of trust has the authority to assign its interest in the deed of trust

22 and that such an assignment is valid.  See Lane v. Vitek Real Estate Indus. Group, 713 F.Supp.2d

23 1092, 1099 (E.D. Cal. 2010); Siliga v. Mortgage Electronic Registration Systems, Inc., 219

24 Cal.App.4th 75, 83-85 (2013); Herrera v. Federal Nat'l Mortg. Assn., 205 Cal.App.4th 1495,

25 1504-05 (2012); Fontenot v. Wells Fargo Bank, NA, 198 Cal.App.4th 256, 270-71 (2011).[3]

26

27    [3] Bever cites *In re Walker*, 2010 Bankr. LEXIS 3781, *5-*6 (Bank. E.D. Cal. May 20, 2010) and *In re Agard*, 444 B.R. 231, 248 (Bank. E.D. N.Y. 2011) in support of his arguments.  However, *Agard* was not decided

28 under California law, and to the extent that *Walker* supports the argument that MERS cannot transfer a beneficial interest, that decision is contrary to more recent California decisions.  The Court will not follow *Walker* or *Agard*.

Because the deed of trust in this case identifies MERS as a nominee and beneficiary, and provides MERS the ability to exercise any and all interests, MERS had the authority to assign the beneficial interest in Bever's deed of trust.  See id.

With respect to the second premise, the FAC does not plausibly show that MERS's assignment to Citi was ineffective.  First, the allegations are conclusory and insufficient. Although the FAC alleges that Brenda Enriquez was not actually an Assistant Secretary, there is nothing in the FAC that explains the basis for the assertion.  Moreover, that an employment title may not be accurate does not mean that the individual had no authority to act on behalf of MERS.  The key is authority to act, not specific titles.  Second, MERS and Citi are defending this lawsuit together.  If Enriquez did not transfer MERS's interest to Citi, then MERS would be the victim of fraud.  MERS has not in anyway indicated that it has been swindled out of its interest. To the contrary, the fact that both MERS and Citi are represented by the same attorney and have filed a mutual motion to dismiss indicates that no fraudulent transfer occurred.  In other words, the fact that MERS and Citi are together defending this suit reflects the implausibility of Bever's assertions.  Third, and relatedly, there is no indication that MERS has ever objected to its purported transfer of the beneficial interest to Citi.  In fact, as part of their joint motion to dismiss, MERS and Citi both assert and rely on the validity of the transfer from MERS to Citi. To the extent that there may have been an agency issue regarding Enriquez, the conduct of both MERS and Citi in this case indicates ratification.  See Feldman v. BAC Home Loans Servicing, LP, 2013 Cal.App. Unpub. LEXIS 5919, *43-*44 (Aug. 22, 2013);[4] Robinson v. Onewest Bank, 2011 Cal.App. Unpub. LEXIS 6048, *14-*16 (Aug. 11, 2011); see also Vawter v. ReconTrust Co., N.A., 2012 U.S. Dist. LEXIS 899, *8-*9 (D. Ariz. Jan. 4, 2012); Jones v. Bank of Am., N.A., 2011 U.S. Dist. LEXIS 72171, *2-*3 (D. Nev. July 5, 2011).   For these reasons, the FAC fails to adequately show that the transfer from MERS to Citi was without authorization.

Because the FAC does not plausibly indicate an invalid transfer, there are no plausible allegations that Citi does not have the beneficial interest in Bever's deed of trust.  As a result,

---

[4]This Court is not bound by state rules regarding unpublished cases, and may consider unpublished cases as persuasive authority.  Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); Altman v. HO Sports Co., 821 F.Supp.2d 1178, 1189 n.14 (E.D. Cal. 2011).

Bever is subject to the tender rule.  Bever has stated in his opposition that he can tender the amount owed if Defendants demonstrate that they are entitled to payments.  However, an offer to tender must be "credible."  <u>Lindberg v. Wells Fargo Bank, N.A.</u>, 2013 U.S. Dist. LEXIS 95799, *12-*13 (N.D. Cal. July 9, 2013); <u>Grajeda v. Bank of Am., N.A.</u>, 2013 U.S. Dist. LEXIS 81369, *8-*9 (S.D. Cal. June 10, 2013); <u>Chavers v. GMAC Mortg., LLC</u>, 2012 U.S. Dist. LEXIS 85505, *30-*31 (C.D. Cal. June 20, 2012); <u>Thompson v. Residential Credit Solutions, Inc.</u>, 2012 U.S. Dist. LEXIS 61598, *15-*16 (E.D. Cal. May 2, 2012).

Assuming that Bever's tender offer is sufficiently unequivocal, the offer is not credible.  First, Bever is in default, and the June 2011 Notice of Default indicates that he has been in default since February 2011.  <u>See</u> Doc. No. 47-2 at Ex. B.  Second, Bever has already attempted to tender or pay the amount owed on his property.  According to the FAC, Bever tendered payment through an Electronic Funds Transfer ("EFT") to Citi in the amount of $195,000 in January 2012.  <u>See</u> FAC ¶ 58-3.  Bever forwarded an instrument via certified mail directing the EFT to Citi's office in Urbandale, Iowa.  <u>See id.</u>  The FAC alleges that Citi did not properly respond to the purported EFT, which resulted in Citi's acceptance of the EFT.  <u>See id.</u>  Citi contends that Bever's attempt to tender/pay was not credible because he sent a check that could not be deposited, on the back of which was written: "Not For Deposit.  For EFT Only."  <u>See</u> Doc. No. 47-1 at 5:15-6:14.[5]  An EFT under both federal law and the deed of trust is defined in part as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through electronic terminal, telephonic instrument, or computer magnetic tape . . . ."  <u>See</u> 15 U.S.C. § 1693a(7); Doc. No. 47-2.  The description in the FAC of Bever's "instrument" does not show a transaction that was initiated through electronic terminal, telephonic instrument, or magnetic tape.  Rather, the FAC describes a paper instrument that was sent by certified mail, which by definition is not an EFT.  In fact, the FAC's description is very close to the check at issue in *Wideman*, which was found to be an illegitimate attempt at

---

[5]Citi states that it included a copy of the check as part of a request for judicial notice.  That is not so.  Had a copy been included, the Court would have considered it under *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005).  However, there is no copy of the check in Document No. 47-2.  Nevertheless, it is noteworthy that Bever does not challenge the representations about the check in any manner.

1  payment.[6]  See Wideman v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 96198, *14 (E.D. Cal.

2  July 11, 2012).  The FAC does not show a credible or legitimate attempt in January 2012 at

3  paying off the debt.  See id.; 15 U.S.C. § 1693a(7).  Given the history of default and the previous

4  attempt at tender/payment, the offer by Bever is not sufficiently credible.  Without a credible

5  tender offer, there is no viable quiet title claim.

6        Additionally, California courts have recognized that the comprehensive California

7  foreclosure scheme does not permit a general challenge to the authority of an entity to foreclose

8  on a deed of trust, absent a specific factual basis that demonstrates no authority.  See Hinojosa v.

9  Wells Fargo Bank, 2012 U.S. Dist. LEXIS 114001, *8-*9 (N.D. Cal. Aug. 13, 2012); Mueller v.

10 Bank of Am., N.A., 2012 U.S. Dist. LEXIS 107684, *25 (S.D. Cal. Aug. 1, 2012); Visendi v.

11 Bank of Am. Corp., 2012 U.S. Dist. LEXIS 87036, *9 n.4 (E.D. Cal. June 21, 2012); Brown v.

12 U.S. Bancorp., 2012 U.S. Dist. LEXIS 26226, *8 (C.D. Cal. Feb. 27, 2012); Siliga, 219

13 Cal.App.4th at 82-85; Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal.App.4th 497, 512-13

14 (2013); Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1154-55 (2011).  It

15 appears that Bever is attempting to utilize a quiet title cause of action to prevent foreclosure on

16 the deed of trust.  Bever's specific bases depend on a legally invalid view of MERS's authority,

17 and allegations that the individuals who signed the assignment of deed of trust, substitution of

18 trustee, and the notice of default and election to sell, are not who they claim to be.  However, the

19 allegations concerning the signatories are conclusory and implausible.  All defendants in this case

20 have appeared, rely on the validity of the same documents, and have not objected in any manner

21 to the acts or participation of any other defendant.[7]  See Feldman, 2013 Cal.App. Unpub. LEXIS

22 5919 at *43-*44; Robinson, 2011 Cal.App. Unpub. LEXIS 6048 at *15.  There is no plausibly

23 pled specific factual basis for challenging the authority of the defendants to proceed with

24 foreclosure.

25

26      [6]The description of the instrument in Citi's motion, which was not refuted, is nearly identical to the check at

27 issue in Wideman.

28      [7]For example, MERS and Citi rely on the validity of the assignment as part of their motion, no defendant
objected to Cal-Western's notice of non-monetary status, and Citi's supplemental opposition to a preliminary
injunction asserts that Cal-Western was properly substituted as the trustee in this case.  See Doc. Nos. 47-1, 60.

1   In sum, the first cause of action fails to state a viable claim.   Because Bever has been

2   given a previous chance to amend, and given Bever's arguments, the Court concludes that further

3   leave to amend is not warranted.  Dismissal without leave to amend is appropriate.[8]  See Mueller,

4   700 F.3d at 1191; Telesaurus, 623 F.3d at 1003.

5   **2.    3rd Cause of Action – 12 U.S.C. § 2605 (Against CITI)**

6   *Defendants' Argument*

7   Citi argues that Bever did not submit a Qualified Written Request under 12 U.S.C.

8   § 2605.  The letter that Bever sent, which was attached as an exhibit to his original complaint,

9   does not address servicing issues and thus, cannot be a Qualified Written Request.

10   *Plaintiff's Opposition*

11   Bever's opposition does not directly address this cause of action.

12   *Discussion*

13   In the previous motion to dismiss, the Court dismissed this cause of action for two

14   reasons.  First, it appeared that Bever was relying on 12 U.S.C. § 2605(k)(1)(D), a part of the

15   Dodd-Frank Act amendment to RESPA that had not gone into effect at the time Bever sent his

16   letter.  Second, the Court found that the Complaint did not allege actual damages.

17   Bever fails to address reliance on § 2605(k)(1)(D) or Citi's argument that his letter was

18   not a qualified written request under § 2605(e).  Although Bever has included new allegations in

19   the FAC, the new allegations do not adequately address the previous dismissal.  The allegations

20   in the FAC again continue to appear to rely § 2605(k)(1)(D), even though the Court explained

21   that that section has no application to this case.

22   Further, a letter will be considered a qualified written request that trigger's the obligation

23   to reply under RESPA if the letter: "(1) reasonably identifies the borrower's name and account,

24   (2) either states the borrower's 'reasons for the belief . . . that the account is in error' or 'provides

25   sufficient detail to the servicer regarding other information sought by the borrower,' and (3)

27   ─────────────
28   [8] With respect to "vapor money," or the allegation that Lehman Brothers was the real lender, Bever clarifies that he is attempting to allege that a bank improperly loaned its credit.  However, the FAC alleges that Bever made payments under the 2003 deed of trust.  See FAC ¶ 28-1.  If Bever did not receive money as bargained for, then it is implausible that he would nevertheless make payments under the deed of trust and then bring this lawsuit eight years after obtaining the loan.

1   seeks 'information relating to the servicing of [the] loan.'"  Medrano v. Flagstar Bank, FSB, 704

2   F.3d 661, 666 (9th Cir. 2012).  "Servicing" encompasses "only 'receiving any scheduled periodic

3   payments from a borrower pursuant to the terms of any loan, including amounts for escrow

4   accounts . . . , and making the payments of principal and interest and such other payments.'"  Id.

5   (quoting 12 U.S.C. § 2605(i)(3)).  Several courts have held or indicated that a letter like Bevers,

6   i.e. one that asks only about the owner of the loan without any requests concerning payments or

7   fees, is not a qualified written request.  See Steele v. First Magnus Fin. Corp., 2013 U.S. Dist.

8   LEXIS 111479, *9-*11 (N.D. Cal. Aug. 7, 2013); Vong v. Bank of Am., N.A., 2013 U.S. Dist.

9   LEXIS 72780, 32-34 (E.D. Cal. May 21, 2013); Skaggs v. HSBC Bank USA, N.A., 2011 U.S.

10  Dist. LEXIS 98057, *41 (D. Haw. Aug. 31, 2011).  Bever does not argue or explain how his

11  letter relates to "servicing."

12         As for damages, Bever has alleged emotional distress, loss of reputation, and "other

13  actual damages."  Assuming that Bever has adequately alleged "actual damages," Bever's

14  allegations are conclusory and do not plausibly show that Citi's failure to respond to the August

15  11 letter caused him damages.  See Sabherwal v. Bank of N.Y. Mellon, 2013 U.S. Dist. LEXIS

16  129203, *19-*20 (S.D. Cal. Sept. 10, 2013).  There must be allegations that indicate a causal

17  connection between the RESPA violation and the damages suffered.  See id.; Bennett v. Wells

18  Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 112756, *23-*24 (N.D. Cal. Aug. 9, 2013); Velasco v.

19  Homewide Lending Corp., 2013 U.S. Dist. LEXIS 87880, *7 (C.D. Cal. June 21, 2013);

20  Gazarian v. Experian Info. Solutions, Inc., 2011 U.S. Dist. LEXIS 132987 (N.D. Cal. Nov. 17,

21  2011).  There is nothing in the FAC that plausibly links Bever's damages to the failure to answer

22  the August 11 letter.  See id.  In fact, the damages identified would appear to have been caused

23  by Bever's missed payments, the notice of default, and/or the foreclosure process, all of which

24  predated the August 11, 2011 letter.

25         In sum, the third cause of action fails to state a viable claim.  Because Bever has been

26  given a previous chance to amend, and because his opposition failed to address Citi's arguments,

27  the Court concludes that further leave to amend is not warranted.  Dismissal without leave to

28  amend is appropriate.  See Mueller, 700 F.3d at 1191; Telesaurus, 623 F.3d at 1003.

**3.**      **4th Cause of Action – Unjust Enrichment (MERS & CITI)**

*Defendants' Argument*

Defendants argue that Bever's claims do not fall within any recognized area of unjust enrichment.  He improperly relies on money allegedly paid to Defendants from the government. Equity does not call for that money to be paid to Bever.  Further, the fact that the interest in the loan was transferred does not warrant an unjust enrichment claim, especially since the payments are due and owing irrespective of assignment.  There is nothing to indicate that Defendants unfairly received a benefit from Bever.

*Plaintiff's Opposition*

Bever's opposition focuses primarily on whether unjust enrichment is a remedy or a separate cause of action.

*Discussion*

The FAC's unjust enrichment claim is based on two basic assertions: the deed of trust is invalid because MERS was not the true beneficiary and Defendants obtained federal bailout money.

Bever's allegations that MERS is not the beneficiary under the deed of trust is contrary to the express provisions of the deed of trust, which identifies MERS as a nominee of the lender and as the beneficiary.  Further, numerous courts have acknowledged the propriety of MERS acting in such a capacity.  See, e.g., Siliga, 219 Cal.App.4th at 78-79, 82-85; Herrera, 205 Cal.App.4th at 1499, 1504-05; Calvo, 199 Cal.App.4th at 120-21, 125; Fontenot, 198 Cal.App.4th at 262-63, 270-71; Gomes, 192 Cal.App.4th at 1151, 1157.  There appears to be nothing unique about Bever's deed of trust, and there is nothing to indicate that the deed of trust is unenforceable or otherwise invalid.  Bever owes money and regular payments under the loan and deed of trust.  When there is a valid and enforceable contract between the parties, unjust enrichment is not cognizable.  See Continental Cas. Co. v. Enodis Corp., 417 Fed. Appx. 668, 670 (9th Cir. 2011).

As for the allegations regarding Defendants' receipt of funds from federal entities, as the Court held in its previous order, "any alleged payments [to Defendants] from third parties was

not at [Bever's] expense," and thus dooms his claims.  Macris v. Bank of Am., NA, 2012 U.S.

Dist. LEXIS 10633, *33-*32 (E.D. Cal. Jan. 27, 2012).  Further, there are no allegations that

Defendants received payments regarding Bever's deed of trust, other than those payments that

were contemplated by the deed of trust.

In sum, this cause of action fails to state a viable claim.  Because Bever has been given a

previous chance to amend, and considering the nature of the FAC's allegations, the Court

concludes that further leave to amend is unwarranted.  Dismissal without leave to amend is

appropriate.  See Mueller, 700 F.3d at 1191; Telesaurus, 623 F.3d at 1003.

#### 4.    5th Cause of Action – Fraud and Injurious Falsehood

*Defendants' Argument*

MERS argues that no claim for relief is stated.  First, no individuals are named.  Second,

there are no facts alleged to support that the assertion that the true lender was concealed.  Third,

MERS had express consent from Bever to be part of the loan transaction, and also had authority

to transfer the interest in the deed of trust.  In sum, there are no allegations that show MERS

committed any type of fraud.

*Plaintiff's Opposition*

Bever does not address this cause of action in his opposition.

*Discussion*

In the Court's order on the previous motion to dismiss, the Court dismissed the fraud

cause of action because the heightened pleading standard of Rule 9(b) had not been met.  The

Court also dismissed the injurious falsehood claim because MERS had the authority to assign its

beneficial interest in the deed of trust.  The FAC has added only one new allegation under this

cause of action, and that allegation deals with MERS's ability to transfer the beneficial interest in

the deed of trust.

The FAC has not corrected the previously identified deficiencies.  The FAC does not

adequately allege each of the necessary elements of fraud.  There are no allegations of an intent

to defraud or of justifiable reliance.  See Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th

979, 990 (2004) (listing elements of fraud).  Further, to meet Rule 9(b)'s heightened pleading

standard, a plaintiff must allege the who, what, when, where and how of the fraudulent conduct. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009).  Also, in the case of a corporate defendant, the identity of the person who is speaking on behalf of the corporation should be included.  See Consumer Solutions Reo, LLC v. Hillery, 658 F.Supp.2d 1002, 1119-20 (N.D. Cal. 2009); Thompson v. Jiffy Lube Int'l, Inc., 505 F.Supp.2d 907, 933 (D. Kan. 2007); Kriendler v. Chemical Waste Mgmt., Inc., 877 F.Supp. 1140, 1155 (N.D. Ill. 1995).  Here, the FAC does not identify an individual person who acted for MERS, or the "when" or the "where" of the fraudulent conduct.  See Kearns, 567 F.3d at 1124-25; Hillery, 658 F.Supp.2d at 1119-20; Thompson 505 F.Supp.2d at 933.

As for the only new allegation under this cause of action, the Court informed Bever that the deed of trust identifies MERS as the beneficiary and confers upon MERS the ability to assign or transfer its beneficial interest.  The fifth cause of action's new allegation does not change this. See Lane, 713 F.Supp.2d at 1099; Herrera, 205 Cal.App.4th at 1504-05; Fontenot, 198 Cal.App.4th at 270-71.

In sum, this cause of action fails to state a viable claim.  Because Bever has been given a previous chance to amend, and considering the only new allegation in the FAC under this cause of action, the Court concludes that further leave to amend is unwarranted.  Dismissal without leave to amend is appropriate.  See Mueller, 700 F.3d at 1191; Telesaurus, 623 F.3d at 1003.

## **5.    California Civil Code § 2923.5**

A notice of default cannot be filed until 30 days after the mortgage servicer/lender has met the requirements of California Civil Code § 2923.5.  See Cal. Civ. Code § 2923.5(a); Mabry v. Superior Court, 185 Cal.App.4th 208, 221 (2010).  Section 2923.5 requires that "a mortgagee, trustee, beneficiary, or authorized agent must contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure' or satisfy due diligence requirements before a notice of default is filed."  Intengan v. BAC Home Loans Servicing LP, 214 Cal.App.4th 1047 (2013); Skov v. U.S. Bank National Assn., 207 Cal. App. 4th 690, 695-96 (2012).

This Court previously granted a temporary restraining order on the basis of a declaration

1  from Bever that indicated that he had not been contacted by Citi prior to the filing of the notice of

2  default.  See Doc. No. 19.  There was not a formal cause of action in the original complaint

3  dealing with § 2923.5.  See Doc. No. 1.  The FAC also does not have a formal cause of action

4  that is dedicated to § 2923.5, but it does have allegations that directly address § 2923.5.

5        After quoting the language from the Notice of Default that identifies and discusses

6  § 2923.5, the FAC alleges: "However, no one contacted Plaintiff about this matter.  Plaintiff has

7  been available for contact either by phone or by letter.  There have been no messages on the

8  answering machine."  FAC ¶ 51-2.  This allegation is consistent with Bever's declaration in

9  support of his temporary restraining order: "Defendants failed to notify or initiate contact with

10  Plaintiff to discuss available options prior to the recording of the Notice of Default in violation of

11  California Civil Code § 2923.5."  Doc. No. 18 at ¶ 13.  Given the Court's prior issuance of a

12  temporary restraining order, the Court interprets the allegations at Paragraph 51-1 and 51-2 as

13  alleging violations of § 2923.5.  That is, the FAC will be read as containing a cause of action

14  under § 2923.5.  Because Citi is the entity who is attempting to foreclose, and because briefing

15  with respect to Bever's motion for preliminary injunction shows that Citi is the entity that

16  previously made contact or attempted to make contact with Bever about his payments, see Doc.

17  No. 20-1 (Alsiweadi Declaration), this cause of action will be read as alleged against Citi only.

18

19  **CAL-WESTERN'S MOTION**

20        There are three causes of action alleged in the FAC against Cal-Western.  Quiet title,

21  unjust enrichment, and 15 U.S.C. § 1692.  Cal-Western is the only Defendant under Bever's 15

22  U.S.C. § 1692 cause of action.  As discussed above, the quiet title and unjust enrichment causes

23  of action are invalid.  However, on June 28, 2013, Cal-Western filed a notice of bankruptcy.

24  Pursuant to 11 U.S.C. § 362, an automatic stay is in place as to Cal-Western.  Because of the

25  automatic stay, the Court cannot address the 15 U.S.C. § 1692 claim.  A status conference with

26  the Magistrate Judge has been set for December 5, 2013.  The parties will discuss further

27  proceedings, including periodic status reports, with the Magistrate Judge at that time.  In the

28  mean time, the Court will stay Cal-Western's motion to dismiss.

**CONCLUSION**

Dismissal of all expressly enumerated causes of action against Citi and MERS is appropriate.  Bever's previous complaint was dismissed with leave to amend.  However, as discussed above, the FAC does not adequately cure the previously identified deficiencies.  Dismissal of the quiet title cause of action is appropriate because Bever has not credibly alleged the ability to tender and has not plausibly alleged a specific factual basis to challenge the authority of Defendants to foreclose.  Dismissal of the 12 U.S.C. § 2605 cause of action is appropriate because the FAC continues to rely on an inapplicable provision, Bever has not adequately demonstrated that the letter was a qualified written request, and the FAC relies on an inaccurate characterization of MERS.  Dismissal of the unjust enrichment cause of action is appropriate because MERS's relationship as a nominee and beneficiary is valid, Bever relies on payments that were made by third parties, and no payments other than what was due under the deed of trust have been identified.  Dismissal of the fraud causes of action is appropriate because the FAC does not meet the requirements of Rule 9(b), and relies on an inaccurate view of MERS's relationship to the deed of trust.  Given the arguments made in opposition and the failure to cure the previously identified deficiencies, these causes of action will be dismissed without leave to amend.

Additionally, as discussed above, there are allegations that constitute a claim under California Civil Code § 2923.5.  Given that a restraining order was issued, the Court will read a cause of action under § 2935.5 in the FAC and alleged against Citi.  This cause of action is not dismissed.

With respect to Cal-Western's motion to dismiss, because Cal-Western has filed for bankruptcy, the Court will stay Cal-Western's motion to dismiss.  Upon completion of the bankruptcy proceedings, the Court will lift the stay and rule on the motion.

//

//

//

//

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      Citi and MERS's motion to dismiss is GRANTED;

2.      The First, Third, Fourth, and Fifth Causes of Action are DISMISSED in their entirety and without leave to amend;

3.      Defendant MERS is DISMISSED from this case;

4.      The cause of action for violation of California Civil Code § 2923.5 is NOT DISMISSED; and

5.      Cal-Western's motion to dismiss (Doc. No. 45) is STAYED in light of the automatic stay of 11 U.S.C. § 362.

IT IS SO ORDERED.

Dated:   October 1, 2013      _____
                                                SENIOR  DISTRICT  JUDGE

16