1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   GLENN W. BEVER,                          CASE NO. 1:11-CV-1584 AWI SKO

10                  Plaintiff
                                             ORDER PLAINTIFF'S MOTIONS TO
11         v.                                ALTER OR AMEND ORDERS

12   CAL-WESTERN RECONVEYANCE                (Doc. Nos. 80, 81)
     CORP., et al.,
13
                    Defendants
14

15

16         This is a mortgage related case brought by Plaintiff Glenn Bever ("Bever").  On October 2,

17   2013, the Court substantially granted a motion to dismiss by Defendants Citimortgage, Inc. and

18   MERS.  See Doc. No. 75.  The Court dismissed all claims against MERS and found that there was

19   only one plausible claim alleged against Citi, which was a violation of Civil Code § 2923.5.  See

20   id. Also on October 2, 2013, the Court granted Bever's motion for a preliminary injunction based

21   on the alleged violation of § 2923.5.  See Doc. No. 76.  As part of the injunction order, the Court

22   required Bever to pay a $2,800 security, and then pay a $1,400 security on the 11th of each month

23   that this case remains pending.

24         On October 30, 2013, Bever filed two Rule 59(e) motions to alter or amend.  One of the

25   motions requests that the Court alter the injunctive order and eliminate the requirement of monthly

26   security.  See Doc. No. 80.  The other motion requests that the Court reconsider its analysis

27   regarding the quiet title, RESPA, and unjust enrichment causes of action.  See Doc. No. 81.

28         Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to alter, amend, or

1    vacate a prior order.  See Fed. R. Civ. Pro. 59(e); Hamid v. Price Waterhouse, 51 F.3d 1411, 1415

2    (9th Cir. 1994); Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).  "While Rule 59(e) permits

3    a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy,

4    to be used sparingly in the interests of finality and conservation of judicial resources."  Carroll v.

5    Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890-

6    91 (9th Cir. 2000).  "A party seeking reconsideration must show more than a disagreement with

7    the Court's decision, and recapitulation of the cases and arguments considered by the court before

8    rendering its original decision fails to carry the moving party's burden."  United States v.

9    Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  "Rule 59(e) amendments are

10   appropriate if the district court (1) is presented with newly discovered evidence, (2) committed

11   clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

12   controlling law."  Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003); Kona Enters.,

13   229 F.3d at 890.  This standard is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir.

14   2001).  Rule 59(e) motions "may not be used to raise arguments or present evidence for the first

15   time when they could reasonably have been raised earlier in the litigation."  Carroll, 342 F.3d at

16   945; Kona Enters., 229 F.3d at 890.  Stated differently, Rule 59(e) "does not provide a vehicle for

17   a party to undo its own procedural failures [or] allow a party to introduce new evidence or advance

18   new arguments that could and should have been presented to the district court prior to the

19   judgment."  Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001).

20           After considering Bever's arguments, the Court will not alter or amend either the order of

21   dismissal or the order for preliminary injunction.  Bever attempts to either distinguish certain (but

22   not all) cases cited by the Court, reiterates allegations from the Complaint that were considered by

23   the Court, or makes arguments that could have been made during the pendency of the motions.

24   Bever's motions amount to little more than a disagreement with the Court's orders.  Because

25   Bever has not done enough to meet the high burden of Rule 59(e), both of Bever's Rule 59(e)

26   motions will be denied.  See Carroll, 342 F.3d at 945; Dimarco-Zappa, 238 F.3d at 34; Kona

27   Enters., 229 F.3d at 890-91; Westlands Water, 134 F.Supp.2d at 1131.

28

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    Bever's Rule 59(e) motion to alter or amend the preliminary injunction order (Doc. No. 80) is DENIED; and

2.    Bever's Rule 59(e) motion to alter or amend the order of dismissal (Doc. No. 81) is DENIED.

IT IS SO ORDERED.

Dated: ___October 31, 2013___     _____

                                  SENIOR  DISTRICT  JUDGE