1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF CALIFORNIA

7

8  | **GLENN W. BEVER,** | **CASE NO. 1:11-CV-1584 AWI SKO** |
   |---|---|

9                          **Plaintiff**

10                             **v.**                    **ORDER ON PLAINTIFF'S OBJECTIONS TO THE DECEMBER 6, 2013 SCHEDULING ORDER**

11  **CAL-WESTERN RECONVEYANCE CORP., et al.,**

12

13                          **Defendants**

14

15        On December 5, 2013, a scheduling conference was held in which Plaintiff and counsel for

16  Defendant Citimortgage telephonically appeared. <u>See</u> Doc. No. 86.  On December 6, 2013,

17  Magistrate Judge Oberto issued a scheduling order. <u>See</u> Doc. No. 87.  This document was mailed

18  to Plaintiff at the address provided. <u>See id.</u>  In pertinent part, the scheduling order set a deadline

19  of February 7, 2014, for motions or stipulations to file amended pleadings. <u>See id.</u>

20        On February 7, 2014, Plaintiff filed a motion to amend his complaint.[1] <u>See</u> Doc. No. 91.

21        On February 11, 2014, Plaintiff filed a declination to proceed before the Magistrate Judge

22  and objections to the December 6 scheduling order. <u>See</u> Doc. No. 96.  In his objections, Plaintiff

23  states that his objections are timely under Rule of Civil Procedure 72 because he has not been

24  served with the scheduling order, Plaintiff did not receive a copy of the scheduling order until

25  February 5, 2014 because he has been out of the country and that left him with only 2 days to file

26

27  [1] A minute order dated February 12, 2014, ordered Plaintiff to properly notice this motion pursuant to Local Rule 230(b).  Plaintiff has yet to comply with the minute order.  If Plaintiff has not received available dates and times for proper notice as provided by Local Rule 230(b), he shall contact the Clerk in order to obtain dates so that he may re-notice his motion.  If Plaintiff does not comply with the minute order and re-notice his motion in accordance with Local Rule 230(b) by 1:00 p.m. on February 21, 2014, Plaintiff's motion will be stricken.

28

1   a motion to amend (which is inadequate notice), and the scheduling order was improperly signed

2   by a Magistrate Judge because the scheduling order is not among the powers and duties listed by

3   28 U.S.C. § 636 and the undersigned did not assign or designate Magistrate Judge Oberto to issue

4   the scheduling order.  See id.

5          Plaintiff's objections are overruled.

6          First, pursuant to Rule 5(b)(2)(C), Plaintiff was served with the scheduling order on

7   December 6 when it was mailed that day to Plaintiff at the address he has provided to the Court.

8   Plaintiff's absence from the country does not change the fact or effect of service.[2]  Further,

9   although Plaintiff claims that he has not received sufficient notice with respect to the February 7,

10  2014 deadline, he was nevertheless able to file a motion to amend that included a proposed

11  amended complaint.

12         Second, and relatedly, orders by the Magistrate Judges are final if no motion for

13  reconsideration is filed within 14 days of service of the order.  See Local Rule 303(b).  As stated

14  above, Plaintiff was served with the scheduling order on December 6.  The February 11, 2014

15  objections are not timely.  Thus, the scheduling order is final and the objections are improper.

16         Third, Magistrate Judge Oberto has been designated to issue scheduling orders.  Local

17  Rule 302(c)(13) provides that Magistrate Judges in Fresno are to perform "all pre-trial scheduling

18  conferences . . . ."  This entails issuance of a scheduling order.  The scheduling order issued by

19  Magistrate Judge Oberto is consistent with the practice of the Fresno Division of the Eastern

20  District of California, and is what occurs in every civil case that is filed in this division.  Plaintiff

21  need not consent to the Magistrate Judge performing this function, and a declination is irrelevant

22  to that function.  The consent identified by Plaintiff is consent for the Magistrate Judge to perform

23  all further functions in a case, including trial.  See Local Rule 305.  Because Plaintiff has declined

24  to proceed before a Magistrate Judge, Magistrate Judge Oberto will not be conducting trial.

25  However, Magistrate Judge Oberto will be preforming the functions that are typically associated

26  with a civil non-consent case and any matters that the Court refers to Magistrate Judge Oberto.

27

28

---

[2] The Court notes that Plaintiff attended the scheduling conference and thus, should have known that a scheduling order would be issued.  Plaintiff does not explain when he was out of the country or what efforts he made to keep himself informed of the happenings in his case while away.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's objections (Doc. No. 96) are overruled; and

2.    As discussed in Footnote 1, Plaintiff is to take the necessary steps to comply with Local

Rule 230(b) and shall re-notice his motion to amend no later than 1:00 p.m. on February

21, 2014.


IT IS SO ORDERED.

Dated:    February 13, 2014                    _____

                                               SENIOR  DISTRICT  JUDGE

3