# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER,<br><br>**Plaintiff**<br><br>v.<br><br>CAL-WESTERN RECONVEYANCE CORP., et al.,<br><br>**Defendants** | CASE NO. 1:11-CV-1584 AWI SKO<br><br>ORDER ON PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S APRIL 18, 2014 RULING ON MOTIONS TO AMEND<br><br>(Doc. No. 118) |

On April 18, 2014, the Magistrate Judge issued an order on Plaintiff's February 7, 2014, and February 20, 2014, motions to amend. See Doc. No. 117. The Magistrate Judge denied both motions. See id. On April 30, 2014, Plaintiff filed objections to the order, which the Court construes as a motion for reconsideration. See Doc. No. 118.

After reviewing Plaintiff's objections and the Magistrate Judge's order, the Court will overrule the objections. By in large, Plaintiff is re-raising arguments that he made to the Magistrate Judge, or attempting to get reconsideration of the Court's October 2, 2013, dismissal order. The Court has already denied reconsideration of the October 2 order. See Doc. No. 82. A reiteration of the same rejected arguments, or mere disagreement with the conclusions reached, is not a sufficient basis for reconsideration. United States v. Westland Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890-91 (9th Cir. 2000). Plaintiff's objections are overruled.

Additionally, the Court notes that Plaintiff appears to be, and has been, requesting

discovery in order to address the shortcomings discussed in the October 2 dismissal order. The only claim against Citimortgage that the Court has permitted to go forward is for violation of California Civil Code § 2923.5. When a Rule 12(b)(6) dismissal is granted, there is a recognition that the facts alleged do not state a claim and thus, do not justify making a defendant go through the expense of discovery on that claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (noting that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (noting that plausibility standard helps to avoid the "expense of discovery" on implausible claims). By dismissing all other claims *without leave to amend*, the scope of this case and the scope of permissible discovery, were substantially narrowed. Dismissal "without leave to amend" means that those claims are no longer a part of the active proceedings, it does not mean that Plaintiff can continually attempt to amend his complaint to reallege the dismissed claims or seek discovery on the dismissed claims. Plaintiff's discovery efforts should be/should have been related to the § 2923.5 claim against Citimortgage. Plaintiff is not permitted to use the discovery process as a fishing expedition to try and resuscitate dismissed claims.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (Doc. No. 118) are overruled;
2. Plaintiff's motions to amend (Doc. Nos. 91, 98) remain DENIED; and
3. The lodged Second Amended Complaint (Doc. No. 92) and Third Amended Complaint (Doc. No. 99) are of no effect and do not constitute the active complaint in this matter.

IT IS SO ORDERED.

Dated:   May 7, 2014                           _____
                                               SENIOR DISTRICT JUDGE