1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11
12

GLENN W. BEVER,

          Plaintiff,

   v.

CITIMORTGAGE, INC, et al.,

          Defendants.

_____/

Case No.  1:11-cv-01584-AWI-SKO

**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS BE DENIED**

**OBJECTIONS DUE:  14 DAYS**

(Doc. 106, 108)

13
14
15
16
17
18
19

## I.  INTRODUCTION

20

     This is a mortgage-related case brought by Plaintiff Glenn Bever ("Plaintiff") against Cal-Western Reconveyance Corp. ("Cal-Western"), Citi Mortgage, Inc. ("Citi"), and Mortgage Electronic Registration Services, Inc. ("MERS").[1]   A scheduling conference was held on December 5, 2013, and a scheduling order was issued on December 6, 2013.  (Doc. 87.)  The deadline for amendment of the pleadings was set for February 7, 2014.  (Doc. 87.)  Plaintiff filed a motion to amend the complaint on February 7, 2014, which was re-noticed on February 20, 2014.  While Plaintiff's motion to amend was pending, Plaintiff filed a "motion to vacate the 2/27/2014

21
22
23
24
25
26
27
28

---

[1] The claims against MERS have been dismissed, and the motion to dismiss filed by Cal-Western has been stayed. This case currently proceeds against Citi only.

deadline to amend pleadings and to stay all deadlines in order." (Doc. 106.) On April 3, 2014, Plaintiff filed a "motion to alter or amend the scheduling order and the order overruling objections" pursuant to Federal Rule 59 and 60. (Doc. 108.) Citibank filed an opposition to Plaintiff's motions on April 9, 2014. (Doc. 111.) On April 17, 2014, the Court consolidated the hearing on Plaintiff's motions and reset them for May 7, 2014. (Doc. 116.) On May 7, 2014, a hearing was held; Plaintiff appeared personally pro se and Danielle Graham, Esq., appeared personally on behalf of Citi. For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's motions be DENIED.

## II. BACKGROUND[2]

### A. Scheduling Conference

A scheduling and status conference was held on December 5, 2013. Plaintiff appeared telephonically pro se, and Jillian Benbow, Esq., appeared telephonically on behalf of Citi. (Doc. 87.) The parties agreed that the litigation could proceed against Citi, while the case against Cal-Western would remain stayed pursuant to automatic stay under 11 U.S.C. § 362. (Doc. 87, 2:1-4.)

The Court set deadlines for the case against Citi, including a deadline to amend the pleadings, which was set for February 7, 2014. (Doc. 87.) These scheduling deadlines were given to the parties during the scheduling conference. A scheduling order was issued on December 6, 2013, but due to clerical error, was apparently not served on Plaintiff at that time.[3]

### B. Plaintiff's Motion to Amend the Complaint

On February 7, 2014, Plaintiff filed a motion to amend the complaint and filed a proposed second amended complaint. (Docs. 91, 92.) Because Plaintiff's motion was not properly noticed and set for a hearing, Plaintiff was ordered to file and serve a new notice of motion setting forth the proper time and date for a hearing on the motion to amend. (Docs. 93, 97.) On February 20, 2014, Plaintiff filed an amended motion and noticed a hearing for March 26, 2014; he also filed a proposed "Third Amended Complaint." (Docs. 98, 99.)

---

[2] The factual and procedural background of this case were set forth at length in the Court's order denying Plaintiff's motion to amend (*see* Doc. 117), and are well-known to the parties. As such, this background will not be re-stated in this order.

[3] The Scheduling Order was served on Plaintiff on March 31, 2014.

This action currently proceeds on only one claim against Citi pursuant to California Civil Code § 2395.5.  Plaintiff's motion to amend the complaint sought to add eleven additional claims and to add as defendants MERS, Fannie Mae, Lehman Brothers Bank, FSB, Lehman Brothers Holdings, Inc. (collectively, "Lehman Brothers"), and First Pacific.

**C.     Plaintiff's Objections to the Scheduling Order**

On February 11, 2014, four days after filing his motion to amend the complaint, Plaintiff filed objections to the scheduling order.  (Doc. 96.)  Plaintiff argued that he was not timely served with a copy of the scheduling order, and he did not receive a copy of the order until February 5, 2014.  Plaintiff argued that he had been out of the country since December 6, 2013.  Plaintiff also objected to jurisdiction of the magistrate judge to issue scheduling orders.

**D.     Order on Plaintiff's Objections to the Scheduling Order**

On December 13, 2014, the District Court issued an order overruling Plaintiff's objections to the scheduling order.  (Doc. 97.)   The Court noted that Plaintiff appeared for the scheduling conference on December 5, 2013, a scheduling order was issued on December 6, 2013, and it was mailed to Plaintiff at the address provided.  The Court determined that Plaintiff's absence from the country did not change the fact or effect of the service.   The Court also overruled Plaintiff's objections to the undersigned's issuance of the scheduling order because pursuant to Local Rule 302(c)(13), Magistrate Judges in Fresno are to perform "all pre-trial scheduling conferences . . . ."  This entails issuance of a scheduling order, which is consistent with the practice of the Fresno Division of the Eastern District of California, and occurs in every civil case filed in this division.  Thus, the Court noted Plaintiff need not consent to the Magistrate Judge performing this function.

**E.     Plaintiff's Motions to Vacate the Deadlines and Alter the District Court's Order Overruling Plaintiff's Objections to the Scheduling Order**

On March 26, 2014, Plaintiff filed a "Motion to Vacate 2/27/2014 deadline to amend pleadings and to stay all other deadlines in [the Scheduling Order]." (Doc. 106.)  On April 3, 2014, Plaintiff filed a "Motion to Alter or Amend Scheduling Order and Order Overruling Objections."   While these motions were pending, Plaintiff's motion to amend the complaint was

1  denied.  (Doc. 117.)  Plaintiff filed objections to the order, which the District Court overruled on

2  May 8, 2014.  (Doc. 123.)

### IV.   DISCUSSION

**A.      Plaintiff's Motion to Vacate the Schedule and Stay All Remaining Deadlines**

Plaintiff's "motion to vacate the 2/27/2014 deadline to amend pleadings and stay all other deadlines in [87] scheduling order pending further amendment to the complaint" was filed while Plaintiff's motion to amend was pending.  (Doc. 106.)  Plaintiff's motion is predicated on the grounds "that a new complaint has been lodged and there is a pending Motion to Dismiss."  (Doc. 106.)

Plaintiff contends that, although the joint scheduling report filed by the parties in advance of the December 5, 2013, scheduling conference stated that Plaintiff expected to amend his complaint, it should have "more accurately" stated that "Plaintiff expects to amend the Complaint and to add parties once discovery is completed, and after the Joint Scheduling Report was filed. Plaintiff has since discovered that in fact Citi is not the true owner of the loan."  (Doc. 106, p. 2.) Plaintiff contends that other amendments to the complaint may be necessary "as a result of information turned up in discovery."  (Doc. 106, p. 3.)  Although Plaintiff was able to file a motion to amend prior to the deadline, "there is information which was lost and forgotten and by due diligence could not be obtained earlier."

Plaintiff's primary basis for seeking to vacate the scheduling deadlines is that he was not timely served with the scheduling order.  Although it appears that the scheduling order was not timely served on Plaintiff following the scheduling conference, Plaintiff appeared telephonically at the scheduling conference, and the dates and deadlines were provided to him at that time.  Thus, Plaintiff had actual knowledge of the deadlines despite the late service of the scheduling order. Further, Plaintiff filed a motion to amend within the deadline, his motion was considered on its merits, and thus Plaintiff was not prejudiced by the late service of the scheduling order.

In support of his request to vacate the amendment deadline, Plaintiff also contends that further discovery is warranted and once all discovery is completed, he should be permitted to amend.  Plaintiff asserts that "there is information which was lost and forgotten and by due

1  diligence could not be obtained earlier:  Aurora was the first servicer for the year 2003-2004.  To

2  discover this information, Plaintiff researched his old tax documents."  (Doc. 106, p. 3.)

3       Plaintiff's motion reflects a misunderstanding of the discovery process.  First, discovery, as

4  that term is used pursuant to Federal Rule of Civil Procedure 26, refers to gathering evidence that

5  is in the possession of another party.  It does not refer to the "discovery" of information in one's

6  own possession.  Second, discovery obtained pursuant to Rule 26 is not unlimited in scope.  Rule

7  26(b)(1) provides that unless otherwise limited by court order, "[p]arties may obtain discovery

8  regarding any non-privileged matter that is *relevant to any party's claim or defense* – including the

9  existence, description, nature, custody, condition, and location of any documents or other tangible

10  things and the identity and location of persons who know of any discoverable matter."  Fed. R.

11  Civ. P. 26(b)(1) (emphasis added).  Rule 26(b)(1) further provides that "[r]elevant information

12  need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

13  discovery of admissible evidence."  *Id.*  However, as the Advisory Committee Notes to the 2000

14  Amendment to Rule 26(b)(1) indicate, the "Committee intends that the parties and the court focus

15  on the actual claims and defenses involved in the action."

16       Here, the single claim remaining against Citi is brought pursuant to California Civil Code

17  Section 2923.5.  Discovery is generally limited in scope to that claim and the defenses thereto.

18       Plaintiff has not established how the discovery he seeks is (1) in the possession of Citi; and

19  (2) relevant to the claim against Citi.  As explained by the District Court in its order overruling

20  Plaintiff's objection to the undersigned's denial of Plaintiff's motion to amend:

> The only claim against Citimortgage that the Court has permitted to go forward is
> for violation of California Civil Code § 2923.5.  When a Rule 12(b)(6) dismissal is
> granted, there is a recognition that the facts alleged do not state a claim and thus, do
> not justify making a defendant go through the expense of discovery on that claim.
> [citations omitted].  By dismissing all other claims *without leave to amend*, the
> scope of this case and the scope of permissible discovery, was substantially
> narrowed.  Dismissal "without leave to amend" means that those claims are no
> longer part of the active proceedings, it does not mean that Plaintiff can continually
> attempt to amend his complaint to reallege the dismissed claims or seek discovery
> on the dismissed claims.  Plaintiff's discovery efforts should be/should have been
> related to the § 2923.5 claim against Citimortgage.  Plaintiff is not permitted to use
> the discovery process as a fishing expedition to try and resuscitate dismissed
> claims.

(Doc. 123, 2:1-15.)

In sum, Plaintiff had actual knowledge of the scheduling deadlines, was able to comply with the deadline to seek amendment, and his motion to amend the pleadings was considered on its merits.  Plaintiff's additional request to vacate or stay all the remaining scheduling deadlines is also without good cause.  Plaintiff does not set forth what additional discovery he seeks from Citi or how the information he seeks is potentially relevant to the claim and defenses to the Section 2923.5 claim that would warrant modification of the June 6, 2014, non-expert discovery deadline. For these reasons, it is recommended that Plaintiff's motion to vacate the scheduling deadlines be denied.

**B.     Plaintiff's Motion to Alter or Amend the Order Overruling Plaintiff's Objections**

On April 3, 2014, Plaintiff filed a "Motion to Alter or Amend" the Court's order overruling Plaintiff's objections to the scheduling order.  Plaintiff again argues that he was not served with the scheduling order timely, the deadlines in the scheduling order should therefore be amended or vacated, and the Court's order overruling his objections to the scheduling order and the dates therein should be altered or amended pursuant to Federal Rule of Civil Procedure 59 and 60.

As discussed above, while the scheduling order was not served on Plaintiff by mail at the time it was issued, Plaintiff had actual knowledge of the deadlines in light of his appearance at the scheduling conference, and he did not object to the deadlines provided at the conference.[4] Additionally, Plaintiff has not shown the lack of timely service prejudiced him as he was able to file a motion to amend the pleadings.  Plaintiff has not set forth any basis to modify or vacate the amendment or discovery deadlines; he does not state *what* additional discovery and information he would seek from Citi relevant to the claim at issue that he is precluded from seeking under the current deadlines.  The undersigned recommends that Plaintiff's motion to alter or amend the Court's order overruling Plaintiff's objections to the scheduling order be denied.

---

[4] Plaintiff conceded at the hearing on May 7, 2014, that he was provide the scheduling deadlines by the Court at the time of the Scheduling Conference.

## V.   CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned hereby RECOMMENDS DENIAL of Plaintiff's motions to (1) vacate the amendment deadline and stay all other deadlines; and (2) amend or alter the Court's order overruling his objections to the scheduling order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 15, 2014**                          **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE