UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLENN W. BEVER,**<br><br>        **Plaintiff**<br><br>        v.<br><br>**CAL-WESTERN RECONVEYANCE CORP., et al.,**<br><br>        **Defendants** | **CASE NO. 1:11-CV-1584 AWI SKO**<br><br>**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND AN ORDER AND ORDER STRIKING AMENDED OBJECTIONS**<br><br>**(Doc. Nos. 129, 130)** |

    This is a mortgage related case brought by Plaintiff. On April 18, 2014, the Magistrate Judge denied Plaintiff's motions to amend. See Doc. No. 117. On April 30, 2014, Plaintiff filed objections to the Magistrate Judge's order. See Doc. No. 118. On May 8, 2014, the Court overruled Plaintiff's objections. See Doc. No. 123. On June 6, 2014, Plaintiff filed a Rule 59 motion to alter the Court's order denying Plaintiff's April 30 objections. See Doc. No. 129. Also on June 6, 2014, Plaintiff filed an amendment to objections that Plaintiff filed on June 2, 2014 to a Findings and Recommendation. See Doc. No. 130.

    Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to alter, amend, or vacate a prior order. See Fed. R. Civ. Pro. 59(e); Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1994); Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890-

91 (9th Cir. 2000). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003); Kona Enters., 229 F.3d at 890. This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945; Kona Enters., 229 F.3d at 890. Stated differently, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures [or] allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001).

After considering Bever's arguments, the Court will not alter or amend its May 8, 2014 order. The Court continues to find that the Magistrate Judge's analysis in denying Plaintiff's motion to amend was correct. Although not exclusively, Plaintiff generally continues to reassert previously rejected arguments, or express mere disagreement with the Court's and the Magistrate Judge's conclusions. Plaintiff does not provide adequate reasons for the Court to reconsider or alter its rulings. Plaintiff's Rule 59 motion will be denied.

Additionally, the issues of whether any of Plaintiff's proposed amended complaints will be permitted, or whether the scheduling order will be amended, have been decided. The Court will not entertain further motions or objections on these issues. This case proceeds against Citi on a single claim, and is stayed as to Cal Western.

Finally, Plaintiff's amended objections (Doc. No. 130) are not timely. The amended objections relate to a Findings and Recommendation that was adopted on June 5, 2014. The time to file amended objections is prior to the Court adopting the Findings and Recommendation. Because the amended objections are untimely, they will be stricken.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 59(e) motion to alter or amend the Court's May 8, 2014 order (Doc. No. 129) is DENIED; and

2. Plaintiff's amended objections (Doc. No. 130) is STRICKEN from the docket.

IT IS SO ORDERED.

Dated:   June 27, 2014

SENIOR  DISTRICT  JUDGE