UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER,<br><br>    Plaintiff<br><br>    v.<br><br>CAL-WESTERN RECONVEYANCE CORP., et al.,<br><br>    Defendants | CASE NO. 1:11-CV-1584 AWI SKO<br><br>ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND ORDER VACATING SEPTEMBER 15, 2014 HEARING DATE<br><br>(Doc. No. 145) |

    Currently pending before the Court is Defendant Citi-Mortgage's motion for summary judgment. Hearing on this motion is currently set for September 15, 2014.

    On June 20, 2014, relying on California procedural rules, Plaintiff filed a notice of unavailability. See Doc. No. 134. Plaintiff stated that he was unavailable from June 14, 2014, through July 7, 2014, because he would be out of state for a medical procedure. See id.

    On July 24, 2014, Plaintiff filed a motion for an extension of time in which to file an opposition. See Doc. No. 142. Plaintiff declared that he was recovering from a medical procedure that occurred in Texas, that the procedure was not yet complete, and that he was weak, in pain, and unable to focus. See id. Plaintiff requested that the due date for his opposition be extended by 30 days. See id. Defendant filed no response to the request.

    The Court granted Plaintiff's request on July 30, 2014. See Doc. No. 143. The Court set a due date for Plaintiff's opposition for September 2, 2014 and reset the hearing for September 15, 2014. See id.

On August 29, 2014, Plaintiff filed a motion for extension of time. <u>See</u> Doc. No. 145. Plaintiff requests an additional 30 days in which to file a response to Defendant's summary judgment motion. <u>See id.</u> Plaintiff again states that he has had a medical procedure in Texas, the procedure is not yet complete, and he is weak and unable to focus. <u>See id.</u> Plaintiff states that he has been diligently working on his response as his health permits, he is not an attorney, and he needs more time for research. <u>See id.</u>

In his request for an extension of time, Plaintiff states that no prejudice will result if his response date is moved to October 3, 2014. However, the pre-trial conference date is set for October 1, 2014, and trial is set for November 18, 2014. <u>See</u> Doc. No. 87. Generally, it is the Court's practice to not hold a pre-trial conference while a potentially dispositive summary judgment motion is pending. If the Court were to grant Plaintiff's proposed extension of time, the Court would have to move the pre-trial conference date. Considering the time necessary for Defendant to file a reply, the time needed for the Court to review the papers and issue a ruling, and the time needed to file pre-trial statements if the Court denies summary judgment, little time would exist between the pre-trial conference and the November 18, 2015 trial date. Vacation of both the pre-trial conference date and the trial date would likely need to occur if the Court granted Plaintiff an additional 30 days.

Additionally, Plaintiff's August 29 request is nearly identical to his July 24 request. No further details about Plaintiff's medical condition are provided, and it strikes the Court as odd that a medical procedure that occurred in another state is still not complete. Without more from Plaintiff, the Court will not give Plaintiff an additional 30 days in which to respond. However, the Court will give Plaintiff until September 15, 2014 in which to file an opposition, and the Court will slightly alter the pre-trial conference date.

The Court is not unsympathetic to medical problems. It may be that Plaintiff's current medical condition would necessitate significantly altering the summary judgment schedule and the trial and pre-trial conference dates. In order to make such a determination, however, more information is needed. If Plaintiff can produce a letter or statement from his doctor that shows Plaintiff is medically unable to comply with the newly set summary judgment schedule, the Court

will likely provide Plaintiff with additional time in which to oppose summary judgment. Similarly, if Plaintiff can produce a letter or statement from his doctor that shows Plaintiff is medically unable to comply with the trial date and newly set pre-trial conference date, the Court will likely vacate those dates.  However, without additional information from Plaintiff's health care providers, the Court will not look favorably upon further requests for extensions of time. Plaintiff will be permitted to file any physician's letters/statements under seal.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for an extension of time is partially GRANTED;
2. The September 15, 2014 hearing date is VACATED;
3. Plaintiff's opposition to Defendant's motion for summary judgment is now due on or by September 15, 2014;
4. Defendant may file a reply on or by September 22, 2014;
5. Hearing on Defendant's motion for summary judgment is RESET to September 29, 2014 at 1:30 p.m. in Courtroom No. 2;
6. The October 1, 2014 pre-trial conference date is VACATED and the pre-trial conference is RESET to October 14, 2014 at 2:00 p.m. in Courtroom No. 2;
7. If Plaintiff chooses to submit the above described physician's statements, he may file such evidence with the Clerk UNDER SEAL.

IT IS SO ORDERED.

Dated:   September 4, 2014

SENIOR  DISTRICT  JUDGE