UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER,<br>**Plaintiff**<br>v.<br>CAL-WESTERN RECONVEYANCE CORP., et al.,<br>**Defendants** | CASE NO. 1:11-CV-1584 AWI SKO<br><br>ORDER ON MOTION TO APPROVE RECORDING OF *LIS PENDENS* AND ORDER STRIKING NOTICE OF PENDENCY OF ACTION<br><br>(Doc. Nos. 176, 177) |

Currently pending before the Court is Plaintiff's motion for the Court to approve recordation of a notice of pendency of action, pursuant to California Code of Civil Procedure 405.21. See Doc. No. 177. For the reasons that follow, the motion will be denied.

*Background*

On October 2, 2013, the Court granted a Rule 12(b)(6) motion to dismiss and dismissed all claims against Mortgage Electronic Registration Services, Inc. ("MERS"), all claims brought against CitiMortgage, Inc. ("Citi") except for one claim under California Civil Code § 2923.5, and all claims against Cal-Western Reconveyance Corp. ("Cal Western") except for one claim under 15 U.S.C. § 1692 (the Fair Debt Collection Practices Act ("FDCPA")). See Doc. No. 75.

On October 30, 2014, this Court granted summary judgment in favor of Citi on the last remaining claim against it. See Doc. No. 156. In the same order, the Court continued a stay of proceedings against Cal Western (pursuant to a bankruptcy stay), dissolved a preliminary injunction, and entered final judgment in favor of Citi and MERS pursuant to Federal Rule of Civil Procedure 54(b). See id.

On November 5, 2014, Plaintiff appealed to the Ninth Circuit Court of Appeals. See Doc. No. 158.

On December 23, 2015, Plaintiff filed a notice of pendency of action. <u>See</u> Doc. No. 176.

On January 11, 2016, Plaintiff filed the currently pending motion for court approval. <u>See</u> Doc. No. 177.

*Legal Stanard*

"A *lis pendens* is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." <u>Kirkeby v. Superior Court</u>, 33 Cal. 4th 642, 647 (2004). "A *lis pendens* clouds title until the litigation is resolved or the *lis pendens* is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment." <u>Slintak v. Buckeye Retirement Co., L.L.C., Ltd.</u>, 139 Cal.App.4th 575, 586-87 (2006). Under California Code of Civil Procedure 405.20, a "*lis pendens* may be filed by any party in an action who asserts a "real property claim." <u>Kirkeby</u>, 33 Cal.4th at 647. A " real property claim" is defined by statute in relevant part as "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." Cal. Code Civ. P. § 405.4; <u>Kirkeby</u>, 33 Cal.4th at 647. A *lis pendens* "shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting *in propria persona* and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6."[1] Cal. Code Civ. P. § 405.21. Once a *lis pendens* has been filed, it may be expunged under California Code of Civil Procedure § 405.31 if the claimant's pleading "does not properly plead a real property claim." <u>Kirkeby</u>, 33 Cal.4th at 647-48. The California Supreme Court has explained that, under § 405.31:

> [T]he court must undertake the more limited analysis of whether the pleading states a real property claim.' Review 'involves only a review of the adequacy of the pleading and normally should not involve evidence from either side, other than possibly that which may be judicially noticed as on a demurrer.' Therefore, review of an expungement order under section 405.31 is limited to whether a real property claim has been properly pled by the claimant.

<u>Id.</u>; <u>Campbell v. Superior Ct.</u>, 132 Cal. App. 4th 904, 911 (2005). Furthermore, a recorded *lis pendens* may be expunged "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. P.

---

[1] Actions under "Section 405.6" are actions by a public agency in eminent domain. <u>See</u> Cal. Code Civ. P. § 405.6.

§ 405.32; Kirkeby, 33 Cal.4th at 651. That is, even though a "real property claim" has been pled, the claim as pled lacks evidentiary merit. Park 100 Investment Group III, LLC v. Ryan, 180 Cal.App.4th 795, 808 (2009). If the criteria of § 405.31 or § 405.32 are met, then the *lis pendens* must be expunged. Kirkeby, 33 Cal.4th at 647, 651; Park 100, 180 Cal.App.4th at 808; Campbell, 132 Cal.App.4th at 911.

*Discussion*

There are no viable "real property claims" in this case. Almost all of the causes of action were either dismissed without leave to amend due to the failure to state a claim or summary judgment was granted. These findings would require expungement under § 405.31 (the claims that were dismissed under Rule 12(b)(6)) or § 405.32 (the claim on which summary judgment was granted). The only cause of action left in this lawsuit is an FDCPA claim against Cal Western. However, even if Plaintiff prevailed on that claim, the FDCPA is not a "real property claim." Plaintiff would recover a monetary award, but would not receive relief that would affect title or right to possession. See Cal. Code Civ. P. § 405.4. Actions for monetary damages are not "real property claims." Campbell, 132 Cal. App. 4th at 912.

Additionally, even if the FDCPA was a "real property claim," Cal Western is in bankruptcy. It appears that recording the *lis pendens* would violate the stay. See In re Brooks-Hamilton, 348 B.R. 512, 524-25 (N.D. Cal. 2006). Thus, the recordation would be void. See id.

Further, with respect to Citi and MERS, there are no pending claims against Citi and MERS in this Court. Rather, all claims against these defendants are now on appeal at the Ninth Circuit. One California court has held that that appeals from lower courts do not constitute "real property claims." Polk v. Polk, 2009 Cal. App. Unpub. LEXIS 6924, *45 (2009).[2] Under *Polk*, the on-going appellate proceeding is not a basis for a *lis pendens*.

Finally, again as to Citi and MERS, the appeal taken by Plaintiff creates jurisdictional issues. With the filing of the appeal, this Court was divested of jurisdiction over the matters that were appealed. See Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 755 (9th Cir. 2002); Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982). Plaintiff appealed *inter alia* the rulings on the

---

[2] Despite state rules, the Court may consider unpublished state cases as persuasive authority. See Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); Altman v. HO Sports, 821 F.Supp.2d 1178, 1189 n.4 (E.D. Cal. 2011).

motion to dismiss and summary judgment. See Doc. No. 158. Those rulings disposed of "real property claims," e.g. a quiet title cause of action. If the Court were to approve recordation of a *lis pendens*, it would be an acknowledgment of a viable real property claim. The Court is without jurisdiction to do so. See id. Although there are limited exceptions to this rule, see Ringgold-Lockhart v. County of L.A., 761 F.3d 1057 (9th Cir. Cal. 2014); Davis, 667 F.2d at 824, there is no indication that those exceptions apply in this case.

In sum, there is no basis for the Court to approve the recording of a *lis pendens*.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for approval to record notice of pendency of action (Doc. No. 177) is DENIED; and

2. Plaintiff's notice of pendency of action (Doc. No. 176) is STRICKEN.

IT IS SO ORDERED.

Dated:   January 14, 2016                                    _____
                                                              SENIOR  DISTRICT  JUDGE