UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER,<br><br>              Plaintiff<br><br>      v.<br><br>CAL-WESTERN RECONVEYANCE CORP., et al.,<br><br>              Defendants | CASE NO. 1:11-CV-1584 AWI SKO<br><br>ORDER LFITING STAY AND ORDER ON CAL-WESTERN RECONVEYANCE CORPORATION'S MOTION TO DISMISS<br><br>(Doc. No. 45) |

     This is a mortgage related case brought by Plaintiff Glenn Bever ("Bever") against *inter alia* Cal-Western Reconveyance ("CWR").[1] On October 2, 2013, following a notice of bankruptcy, the Court stayed the proceedings against CWR. See Doc. No. 75. At the time that the Court stayed this case against CWR, the only claim left against CWR was a 15 U.S.C. § 1692 Fair Debt Collection Practices Act ("FDCPA") claim, and a motion to dismiss by CWR was pending. On July 5, 2017, CWR informed the Ninth Circuit that its bankruptcy proceeding had closed. See Ninth Circuit Docket 14-17225 Doc. No. 75.[2] The Ninth Circuit subsequently lifted the stay of

---

[1] Bever also brought claims against Mortgage Electronic Registration Services, Inc. ("MERS") and Citimortgage, Inc. ("Citi"). All claims against MERS Citi were dismissed, and a Rule 54 final judgment was entered in favor of MERS and Citi on October 30, 2014. See Doc. No. 156. On December 21, 2017, the Ninth Circuit affirmed the dismissal of those claims. See Bever v. CitiMortgage, Inc., 2017 U.S. App. LEXIS 26247 (9th Cir. Dec. 21, 2017). Mandate on the Ninth Circuit's affirmance issued on January 12, 2018. See Doc. No. 186. The only remaining claim in this case is against CWR for violation of 15 U.S.C. § 1692.

[2] The Court takes judicial notice of the Ninth Circuit's docket. See Fed. R. Civ. P. 201; In re Icenhower, 755 F.3d 1130, 1142 (9th Cir. 2014) (holding that courts may take judicial notice of court filings).

appellate proceedings against CWR and terminated CWR as an appellee. See id. at Doc. Nos. 76, 83. This Court has not been informed of a lifting of the bankruptcy proceedings by CWR, but the Court will accept the representations made to the Ninth Circuit. With the termination of bankruptcy proceedings, it is appropriate to lift the stay in this matter. With the lifting of the stay, there remains the fully briefed Rule 12(b)(6) motion to dismiss by CWR. For the reasons that follow, the Court will grant CWR's motion and close this case.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Eichenberger v. ESPN, Inc., 876 F.3d 979, 982 (9th Cir. 2017). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. International Longshore & Warehouse Union v. ICTSI Or., Inc., 863 F.3d 1178, 1187 n.3 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is not required "to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp., PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Villa v. Maricopa Cnty., 865 F.3d 1224, 1228 (9th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Texierra v. County of Alameda, 873 F.3d 670, 678 (9th Cir. 2017). "Plausibility" means "more than a sheer possibility," but less than a probability,

and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). If a complaint is dismissed, leave to amend need not be granted if amendment would be futile. See Curry v. Yelp, Inc., 875 F.3d 1219, 1228 (9th Cir. 2017).

## FACTUAL BACKGROUND[3]

In 2003, Bever obtained a loan that was secured by a deed of trust. See Doc. No. 141 at Ex. A. The deed of trust encumbers real property located in Clovis, California, which is Bever's homestead ("the Property"). See id.; First Amended Complaint ("FAC") ¶¶ 45, 46. The deed of trust identified First Pacific Financial, Inc. as the lender, Carriage Escrow, Inc. as the trustee, and MERS as the beneficiary and nominee of First Pacific Financial. See Doc. No. 46 at Ex. 1.[4]

On May 27, 2011, an assignment of deed of trust was recorded in the Fresno County Recorder's Office. See Doc. No. 46 at Ex. 2. The assignment assigns MERS's beneficial interest in the deed of trust to Citi. See id.

On June 1, 2011, a Substitution of Trustee was executed by Citi, and installed CWR as the trustee. See Doc. No. 46 at Ex. 3. The substitution was recorded in the Fresno County Recorder's Office on June 28, 2011. See id.

On June 3, 2011, a notice of default and election to sell was sent to Bever by CWR. See Doc. No. 46 at Ex. 4; see also FAC ¶¶ 51, 51-1, 51-7, 52.

Bever alleges that CWR acquired "the debt" when the "the debt" was in default. See FAC ¶¶ 73-1 to 73-3.

---

[3] The factual background is taken from allegations in the First Amended Complaint and documents that are subject to judicial notice.

[4] CWR has filed request for judicial notice, which consists of five documents that were recorded in the Fresno County Recorder's Office: (1) the 2003 deed of trust, (2) the May 2011 assignment of the deed of trust, (3) the June 2011 substitution of trustee, (4) the June 2011 notice of default, and (5) the September 2011 notice of trustee's sale. See Doc. No. 46. The Court will take judicial notice of these exhibits as public records. See Fed. R. Evid. 201; Bever v. Cal-Western Reconveyance Corp., 2013 U.S. Dist. LEXIS 143939, *2 n.1 (E.D. Cal. Oct. 2, 2013).

1        Bever received a later dated June 13, 2010 from CWR entitled "Loan Payment
2 Confirmation" that informed Bever that this was "an attempt to collect a debt and any information
3 obtained from you will be used for that purpose." Id. at ¶¶ 52, 74. Bever alleges that, within five
4 days or ever, CWR failed to name the creditor to whom the debt was owed, disclose the right to
5 dispute the debt within 30 days of receipt, provide the name and address of the original creditor,
6 and disclose the right to have the debt verified, all in violation of § 1692g(a). See id. at ¶¶ 74-77.

       On August 12, 2011, Bever notified CWR that the debt was disputed and requested the
name and address of the original creditor. See id. at ¶ 79. CWR failed to "cease collection
efforts" until the debt was validated, and failed to properly verify the debt, contrary to § 1692g(b).
See id. at ¶¶ 80-81.

       Bever alleges at some point, CWR falsely represented that it either owned a note
encompassing his property or was an agent of the entity that owned such a note. See id. at ¶ 82.
Bever alleges that CWR's activities were false, deceptive, and misleading representations in
connection with debt collection activity in violation of § 1692e, and that CWR's actions were
unfair and unconscionable means to collect or attempt to collect a debt in violation of § 1692f.
See id. at ¶ 83.

       On September 6, 2011, CWR sent Bever a notice of trustee's sale, which set sale of
Bever's property for September 27, 2011. See Doc. No. 46 at Ex. 5.

       The sale was later moved to October 27, 2011, but was enjoined by this Court. See Doc.
No. 19. On October 30, 2014, the Court dissolved the injunction. See Doc. No. 156.

## CWR'S MOTION

*Defendant's Argument*

       CWR argues that dismissal is appropriate because, as the trustee of the deed of trust, it is
not a "debt collector" as defined by § 1692a. Further, there are no factual allegations that show
CWR acquired the debt when the debt was in default. To the contrary, the FAC alleges that CWR
was not an assignee of the note. Moreover, the activity of foreclosing on a property pursuant to a
deed of trust is not the collection of a debt. Although the complaint alleges that a loan payment

4

confirmation letter was sent, no copy of that document has been provided. The fact that a purported communication stated that it was an attempt to collect does not make CWR a debt collector. In any event, Bever had only one year from the date of violation in which to bring this action. That is, he had until June 14, 2011, but he did not file suit until September 20, 2011.

*Plaintiff's Opposition*

Bever argues that CWR has argued that mortgage service companies and trustees are not debt collectors under the FDCPA, and that the activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt, is incorrect since the authority that CWR relies upon acknowledges that mortgage servicing companies are not debt collectors as long as the debt was not in default at the time it was assigned. As the complaint clearly alleges that CWR acquired the debt when it was in default, the complaint sufficiently alleges that CWR was a debt collector.

*Discussion*

There are multiple problems with Bever's FDCPA claim.

First, there are no allegations that CWR regularly attempts to collect debts owed to another or that CWR's principal business is debt collection, which is a necessary condition to being a debt collector under the FDCPA's general definition. See 15 U.S.C. § 1692a(6).

Second, the Ninth Circuit has held that, under the general definition of "debt collector," the FDCPA imposes liability only when an entity attempts to collect a money debt. Ho v. ReconTrust Co., NA, 858 F.3d 568, 571 (9th Cir. 2016). California trustees acting under a deed of trust and providing required statutory notices are not "debt collectors" as that term is defined by 15 U.S.C. § 1562a. See id. at 572-75. The allegations in the complaint describe notices by CWR that were part of the non-judicial foreclosure process. See FAC ¶¶ 51, 51-1, 51-7, 52, 74. Therefore, CWR was not a debt collector under the FDCPA's general definition. See Ho, 858 F.3d at 572-75.

Third, the Ninth Circuit has recognized that 15 U.S.C. § 1692f(6) regulates conducted beyond merely attempts to collect money and thus, could apply to non-judicial foreclosures. Dowers v. Nationstar Mortg., LLC, 852 F.3d 964, 971 (9th Cir. 2017). However, Bever's complaint does not expressly cite to § 1692f(6). To the extent that the complaint's general reference to a violation of § 1692f by CWR was an attempt to allege a violation of § 1692f(6),

5

there is no viable claim.  15 U.S.C. § 1692f(6) reads:  "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--(A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B)  there is no present intention to take possession of the property; or (C)  the property is exempt by law from such dispossession or disablement."  Here, the property is not exempt from dispossession, and through the Court's prior dismissal orders, Citi had an enforceable security interest and, as shown by the attempts to hold foreclose sales, was intending to foreclose on the property if Bever did not cure the default.  See Doc. Nos. 75, 156; see also Doc Nos. 185, 186 (Ninth Circuit orders upholding dismissals).  In other words, Bever cannot plausibly allege any of the conduct prohibited by § 1692f(6).

Fourth, that a document from CWR included the disclaimer that the letter was "an attempt to collect a debt" does not by itself show that CWR was a debt collector for purposes of the FDCPA.  See Ho, 858 F.3d at 573 n.7 (holding that similar language used by a trustee did not by itself establish the trustee's status as a debt collector for purposes of 15 U.S.C. § 1692a(6)).  The letter in question in which CWR included the disclaimer has not been provided to the Court, and the allegations in the Complaint do not otherwise indicate that CWR was attempting to collect money, so much as it was following the procedure to non-judicially foreclose on the property.

Fifth, the allegation that CWR acquired the debt at a time when it was in default appears contrary to the documents that have been judicially noticed.  Citi obtained the security interest and then appointed CWR as the trustee.  See Doc. No. 75 at nn. 1, 7.  As the trustee, CWR does not have an ownership interest in the note or deed of trust, rather Citi is the owner.  See Leonberger v. Wells Fargo Bank, 2013 U.S. Dist. LEXIS 89836, *6, *13 (N.D. Cal. June 25, 2013) (explaining that defendant was not the owner of a note, rather the defendant acted only as an agent and trustee under a deed of trust); cf. Yvanova v. New Century Mortg. Corp., 62 Cal.4th 919, 927 (2016) ("While it is the trustee for formally initiates the nonjudicial foreclosure, by recording first a notice of default and then a notice of sale, the trustee may take these steps only at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust . . . or that entity's agent.").

Given the above issues,[5] it is not apparent how Bever's FDCPA claim could be cured through amendment. At bottom, CWR acted on behalf of Citi in the foreclosure process as the deed of trust trustee, and it has been determined that Citi had the ability to foreclose. CWR's conduct does not appear materially different from the trustee in *Ho* or any other trustee who follows the non-judicial foreclosure procedures, which the Ninth Circuit found was not the activity of a debt collector under 15 U.S.C. § 1692a(6). Therefore, the FDCPA claim against CWR will be dismissed with prejudice.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The stay in this matter issued on October 2, 2013 is LIFTED;
2. Defendant Cal-Western Reconveyance's motion to dismiss (Doc. No. 45) is GRANTED;
3. Defendant Cal-Western Reconveyance is DISMISSED with prejudice; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: February 9, 2018

_____
SENIOR DISTRICT JUDGE

---

[5] Additionally, even with application of the discovery rule, see Tourgeman v. Collins Financial Servs., Inc., 755 F.3d 1109, 1118 n.5 (9th Cir. 2014), most if not all of Bever's FDCPA claims appear to be barred by the applicable one year statute of limitations. See 15 U.S.C. § 1692k(d).